OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 To resist defendant’s motion for summary judgment dismissing the complaint, plaintiff in this malicious prosecution action bears the burden of proving that the underlying criminal action brought against her by her optometrist for the alleged theft of a pair of eyeglasses was terminated in her favor
 
 (Martin v City of Albany,
 
 42 NY2d 13, 16). This Court has consistently held that a criminal action is "terminated in the accused’s favor” for purposes of a malicious prosecution claim where a judicial determination of the accused’s innocence on the merits of the action has been made
 
 (see, Hollender v Trump Vil. Coop.,
 
 58 NY2d 420;
 
 Halberstadt v New York Life Ins. Co.,
 
 194 NY 1).
 

 Here, the criminal charges were based on plaintiff’s alleged failure to pay her optometrist $25 for additional repairs to a pair of frames she had already paid for. The trial court stated that the criminal charges were dismissed "on consent” after a short colloquy between the court and counsel which culminated in a plea by the defense for a dismissal of the charges "in all fairness to this lady.”
 

 Plaintiff has failed to establish that the dismissal in any way involved a determination on the merits of her guilt or innocence or that the prosecutor lacked a reasonable foundation for the charges. Additionally, the court’s statement to plaintiff that she could be sued civilly for the cost of the repairs cannot be equated with a determination that she was innocent of any coexistent criminal charges. Rather, what is evident from the record is that the interests of justice were best served by a dismissal of the criminal prosecution — a termination of the proceeding which is insufficient to sustain a malicious prosecution action. Accordingly, because the question of guilt or innocence remained unanswered here
 
 (Ryan v New York Tel. Co., 62
 
 NY2d 494, 504-505), the motion for summary judgment dismissing the malicious prosecution action was properly granted.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 
 *995
 
 Order affirmed, with costs, in a memorandum.