■ JOSEPH DiCECILIA, Appellant, v PAMELA EARLY, Respondent. [651 NYS2d 94] —In an action, *inter alia,* to recover damages for malicious prosecution, the plaintiff appeals, as limited by his brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Cannavo, J.), entered September 11, 1995, as granted the defendant's motion for summary judgment and dismissed the complaint.

Ordered that the order and judgment (one paper) is affirmed insofar as appealed from, with costs.

The appellant was charged with assault and unlawful imprisonment on the complaint of the defendant, Pamela Early, and was convicted of assault in the third degree and unlawful imprisonment in the second degree after trial. That conviction was subsequently reversed and a new trial was ordered on the ground that the prosecutor had failed to turn over *Rosario* material. When Ms. Early failed to appear to testify at the second trial, the charges against the appellant were dismissed upon motion of the prosecutor pursuant to CPL 170.40.

The appellant then commenced the instant action against the defendant, Ms. Early, seeking, *inter alia,* damages for malicious prosecution. The defendant moved for summary judgment dismissing the complaint on the ground that, since the underlying criminal action had not been resolved in the appellant's favor, a prima facie case of malicious prosecution had not been made out. The appellant cross-moved for leave to amend his complaint in order to plead the circumstances of the dismissal of the criminal action in more detail, but the court denied the cross motion and granted the defendant's motion for summary judgment dismissing the complaint. We affirm.

It is well settled that to recover damages for malicious prosecution, a plaintiff must establish that the underlying criminal action was resolved in his favor *(see, Hollender v Trump Vil.*

*Coop.,* 58 NY2d 420), and the Court of Appeals has stated that a criminal action is terminated in the accused's favor for purposes of a malicious prosecution claim "where the final disposition of the proceeding involves the merits and indicates the accused's innocence" *(MacFawn v Kresler,* 88 NY2d 859, 860; *see also, Ward v Silverberg,* 85 NY2d 993, 994; *Hollender v Trump Vil. Coop.,* 58 NY2d 420, supra).

A dismissal in the interest of justice under CPL 170.40 is not a "judicial determination of the accused's innocence on the merits" *(Ward v Silverberg, supra,* at 994). In the absence of a favorable resolution, an action for malicious prosecution may not be maintained and the appellant's complaint was properly dismissed. Bracken, J. P., O'Brien, Friedmann and Krausman, JJ., concur.