■ Jo-Ann Cantalino, Respondent, v Jacqueline Danner, Appellant. [702 NYS2d 626] —In an action, *inter alia*, to recover damages for malicious prosecution, the defendant appeals from so much of an order of the Supreme Court, Kings County (Barasch, J.), entered August 30, 1999, as denied that branch of her motion which was for summary judgment dismissing the first cause of action alleging malicious prosecution.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the first cause of action is dismissed.

To defeat a defendant's motion for summary judgment, a plaintiff in an action to recover damages for malicious prosecution must establish that the underlying criminal action brought against him or her by the defendant was terminated in his or her favor (*see, Ward v Silverberg,* 85 NY2d 993; *Martin v City of Albany,* 42 NY2d 13, 16). A criminal action is " 'terminated in the accused's favor' " for purposes of a malicious prosecution claim where a judicial determination of the accused's innocence has been made on the merits of the action (*Ward v Silverberg, supra,* at 994; *Hollender v Trump Vil. Coop.,* 58 NY2d 420). It is well settled that a dismissal in the interests of justice pursuant to CPL 170.40 is not a "judicial determination of the accused's innocence on the merits" (*Ward v Silverberg, supra,* at 994; *Ryan v New York Tel. Co.,* 62 NY2d 494; *Ormandy v Price Co.,* 251 AD2d 474; *DiCecilia v Early,* 234 AD2d 335; *Wolosin v Campo,* 222 AD2d 432). Since the dismissal of the underlying criminal proceeding in this case was pursuant to CPL 170.40 in the interests of justice, the Supreme Court erred in denying that branch of the defendant's motion which was for summary judgment dismissing the first cause of action alleging malicious prosecution (*see, Ormandy v Price Co., supra; DiCecilia v Early, supra; Wolosin v Campo, supra*). O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.