OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 Is a dismissal in the interest of justice a “favorable termination” for purposes of a malicious prosecution action? Under the circumstances here, we conclude that it is, since the court’s reasons for dismissing the criminal charges were not inconsistent with the innocence of the accused.
 

 This case arises out of the bitterly contested divorce of plaintiff from her husband. The husband, a lieutenant in the New York City Police Department, was living with defendant—
 
 *393
 
 his girlfriend, who was also a police officer. While the divorce action was pending in Kings County Supreme Court, the husband purported to obtain a divorce in the Dominican Republic and marry defendant. He then repeatedly failed to comply with orders entered in the Kings County divorce proceeding.
 

 Plaintiff moved to have her husband held in contempt, and Supreme Court ordered that he be personally served. One service attempt was unsuccessful when defendant allegedly grabbed the papers from the process server. On another occasion, the officers at the husband’s precinct apparently thwarted a service attempt by informing the process server that he was not at work and sending the process server to a false location. On yet a third occasion, the Police Department allegedly refused to provide a police escort so that plaintiff could serve her husband at his home in Staten Island.
 

 Following these failed attempts, Supreme Court ordered that service be made on the husband by “nailing [the papers] to the door” of his home and sending them by regular and certified mail to that address. Pursuant to that order, plaintiff, accompanied by her process server, Rosalie Perez, went to his home, armed with a hammer and nails. In the course of nailing the papers, they damaged the screen door. Defendant came out of the house, and an altercation ensued. Defendant called the police, claiming that plaintiff had pushed her and threatened her with the hammer. As a result, the police arrested both plaintiff and Perez. Plaintiff spent the night in jail; Perez was given a desk appearance ticket and released.
 

 By a Criminal Court complaint, plaintiff was charged with assault in the third degree, menacing in the second degree, criminal possession of a weapon in the fourth degree, criminal mischief in the fourth degree and harassment. In a lengthy opinion, Criminal Court dismissed the complaint in the interest of justice, stating that the charges against plaintiff were groundless
 
 (People v Cantalino,
 
 166 Misc 2d 624). Specifically, the court held that because plaintiff was complying with Supreme Court’s order to nail service to her husband’s door, she “clearly did not have the intent required to have committed the crime of criminal mischief in the fourth degree”
 
 {id.,
 
 at 629). In addition, the court stated that the assault, harassment and menacing charges must be dismissed, since “there is no demonstrated intent to cause physical injury to [defendant] or to place her in reasonable fear of physical injury, nor was there any intent to harass, annoy or alarm her”
 
 {id.).
 

 
 *394
 
 Further, concerning the weapons charge, the court held that the People “will not be able to prove beyond a reasonable doubt that either Ms. Perez or [plaintiff] possessed a hammer with the intent to use it as a dangerous or deadly weapon or that they intended to menace the complainant with it”
 
 (id.).
 
 Rather, the court held that it was “apparent that [plaintiff] was using the hammer to carry out the mandate of the Supreme Court”
 
 (id.,
 
 at 629-630).
 

 The court added that plaintiff was involved in “an acrimonious long-pending matrimonial matter with the paramour of the complainant”; that the allegation did not involve a “serious offense”; and that “there is no evidence of guilt nor was there any criminal harm”
 
 (id.,
 
 at 629). In addition, the court noted that dismissing the complaint “would have a positive effect on the community,” and that “[i]ndeed to continue this prosecution would demonstrate an abuse of the criminal justice system by those police officers charged with enforcing the law”
 
 (id.,
 
 at 630). The court opined that “no useful purpose would be served by perpetuating this tragic opera, except to exacerbate this situation which inevitably would result in a dismissal”
 
 (id.).
 
 The court declared that Criminal Court should not be used as a “side show” for the divorce action, and that defendant could pursue any claim “she believes she has for the damage that may have been caused” in civil court
 
 (id.,
 
 at 629).
 

 Plaintiff then brought the present malicious prosecution action against defendant.
 
 [1]
 
 Defendant moved for summary judgment, arguing that the dismissal of criminal charges in the interest of justice did not constitute a termination of the proceedings in plaintiffs favor. Supreme Court denied the motion. The Appellate Division reversed and dismissed the complaint, holding that a dismissal in the interest of justice is not a “judicial determination of the accused’s innocence on the merits” (269 AD2d 349 [quoting
 
 Ward v Silverberg, 85
 
 NY2d 993, 994]). We now reverse and reinstate the complaint.
 

 In order to recover for malicious prosecution, a plaintiff must establish four elements: that a criminal proceeding was commenced; that it was terminated in favor of the accused; that it lacked probable cause; and that the proceeding was brought out of actual malice
 
 (see, Smith-Hunter v Harvey,
 
 95 NY2d 191, 195;
 
 Broughton v State of New York,
 
 37 NY2d 451, 457,
 
 *395
 

 cert denied sub nom. Schanbarger v Kellogg,
 
 423 US 929). This appeal centers on the second element: whether the dismissal of criminal charges against plaintiff in the interest of justice constituted a termination of the proceedings in her favor.
 

 In
 
 Smith-Hunter,
 
 this Court held that any termination of a criminal prosecution, such that the criminal charges may not be brought again, qualifies as a favorable termination, so long as the circumstances surrounding the termination are not inconsistent with the innocence of the accused. The Court rejected the notion that the termination must affirmatively demonstrate the accused’s innocence, stating that the law “should not require one who is falsely and maliciously accused to proceed to trial — incurring additional financial and emotional costs — as a prerequisite to recovery for malicious prosecution” (95 NY2d, at 199).
 

 As we noted in
 
 Smith-Hunter,
 
 however, several types of terminations do not qualify as “favorable” at common law, since they are fundamentally inconsistent with innocence. For instance, where a prosecution fails to go forward because of misconduct by the accused preventing a proper trial, the termination cannot be considered favorable. Similarly, if a prosecution ends because of a compromise with the accused, the termination is not favorable. The same rule applies if charges are dismissed out of mercy, since mercy presupposes the guilt of the accused
 
 (see, Smith-Hunter v Harvey, supra,
 
 at 196-197;
 
 Halberstadt v New York Life Ins. Co.,
 
 194 NY 1, 11; Restatement [Second] of Torts § 660 [a]-[c] and comment /; Prosser and Keeton, Torts § 119, at 875 [5th ed]).
 

 Applying these principles to the case at hand, the dismissal of criminal charges against plaintiff was a favorable termination because it was not inconsistent with her innocence. Far from implying guilt, the Criminal Court Judge made clear that he dismissed the charges because plaintiff was innocent and the prosecution groundless. Specifically, he stated that plaintiff was innocent of assault and harassment because she did not have the intent to injure, harass, annoy or alarm; that she was innocent of criminal mischief because Supreme Court’s order authorized her to nail the papers to her husband’s door; and that she was innocent of weapons possession because she did not possess the hammer with the intent to use it as a dangerous instrument — rather, she was using it to carry out Supreme Court’s order. Plainly, the Criminal Court’s findings cannot be construed as inconsistent with plaintiff’s innocence.
 

 
 *396
 
 To be sure, there are circumstances where a dismissal in the interest of justice is inconsistent with innocence because it represents “mercy requested or accepted by the accused”
 
 (Smith-Hunter v Harvey, supra,
 
 95 NY2d, at 197). In
 
 Ward v Silverberg
 
 (85 NY2d 993), for instance, criminal charges were brought against plaintiff for failing to pay her optometrist $25 for repairs to her glasses. Her attorney asked the court to dismiss the charges “in all fairness to this lady.” Following a colloquy with counsel, the court announced that the charges were being dismissed on consent. In upholding the dismissal of plaintiff’s malicious prosecution claim, the Appellate Division noted that, under these facts, the charges had been dismissed, at best, as “a matter of favor” to the plaintiff
 
 (see,
 
 206 AD2d 522, 523). This Court affirmed, characterizing the criminal court’s action as a dismissal in “the interests of justice” (85 NY2d, at 994).
 
 [2]
 

 Unlike the case at hand, the criminal charges in
 
 Ward
 
 were dismissed out of mercy. While the Criminal Court there recognized that plaintiff had committed the charged conduct, it did not believe a criminal sanction was appropriate. Such a disposition is fundamentally inconsistent with the accused’s innocence. Here, by contrast, the Criminal Court stated in no uncertain terms that it was dismissing the case because the criminal charges against plaintiff were unfounded. Indeed, the court described the criminal prosecution as a “tragic opera” and “an abuse of the criminal justice system by those police officers charged with enforcing the law”
 
 (People v Cantalino,
 
 166 Misc 2d, at 630). That disposition certainly was not inconsistent with her innocence.
 

 Contrary to the Appellate Division’s holding,
 
 Ward
 
 did not establish a per se rule that a dismissal in the interest of justice can never constitute a favorable termination. Rather, as we stated in
 
 Smith-Hunter,
 
 the question is whether, under the circumstances of each case, the disposition was inconsistent with the innocence of the accused. A case-specific rule is particularly appropriate for dismissals in the interest of justice, since the trial court is required to state on the record its reasons for dismissing the criminal charges
 
 (see,
 
 CPL 170.40 [2]). And
 
 *397
 
 here, as noted, the Criminal Court’s statement of reasons makes clear that it dismissed the charges against plaintiff because they were groundless — not out of mercy or compassion.
 

 Nor does
 
 Ryan v New York Tel. Co.
 
 (62 NY2d 494) mandate a different result. As we stated in
 
 Smith-Hunter.
 

 “In
 
 Ryan,
 
 this Court held that plaintiff was collaterally estopped from suing for wrongful discharge and other related claims based on an administrative determination that he had stolen company property. We held that collateral estoppel applied even though criminal charges against plaintiff had been dismissed in the interest of justice, noting that such a dismissal did not establish plaintiff’s innocence of the charges. In addition, the Court dismissed plaintiffs malicious prosecution claim because the administrative determination provided probable cause to prosecute.
 
 Ryan
 
 did not address whether a dismissal in the interest of justice constitutes a favorable termination for the purposes of a malicious prosecution action” (95 NY2d, at 199 n 4 [internal quotations and citations omitted]).
 

 Thus,
 
 Ryan
 
 says nothing about the question at hand.
 

 Finally, we reject defendant’s argument that the “inconsistent with innocence” standard is limited to speedy trial dismissals, like the one at issue in
 
 Smith-Hunter.
 
 The rule announced in
 
 Smith-Hunter
 
 is one of general application, and we see no reason to deviate from it here.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and plaintiffs malicious prosecution claim reinstated.
 

 Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order reversed, with costs, and defendant’s motion for summary judgment dismissing the first cause of action denied.
 

 [1]
 

 . The complaint additionally alleged intentional infliction of emotional distress. That claim was dismissed, with plaintiffs consent, as barred by the statute of limitations.
 

 [2]
 

 . In addition, the court stated that the dismissal had failed to demonstrate that the plaintiff was innocent of the charges. In
 
 Smith-Hunter,
 
 we disclaimed the language in
 
 Ward
 
 that plaintiff was required to establish her innocence to show a favorable termination, but held that
 
 Ward
 
 itself was correctly decided since the dismissal of the criminal charges had been out of mercy and in “the interest of justice” (95 NY2d, at 197).