■ Esther Levy, Respondent, v Maureen Coates, Appellant. [729 NYS2d 903] —In an action, *inter alia,* to recover damages for malicious prosecution, the defendant appeals from so much of an order of the Supreme Court, Orange County (Owen, J.), as denied those branches of her motion which were to dismiss pursuant to CPLR 3211 (a) (7) the causes of action alleging malicious prosecution and prima facie tort.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff commenced this action against the defendant alleging causes of action grounded, *inter alia,* in malicious prosecution and prima facie tort based upon an incident in which the defendant had the plaintiff charged with trespass in violation of Penal Law § 140.05. The defendant subsequently moved to dismiss the complaint. The Supreme Court, *inter alia,* denied those branches of the defendant's motion which were for dismissal of the causes of action alleging malicious prosecution and prima facie tort.

Contrary to the plaintiff's contention, she failed to sufficiently state a cause of action sounding in either malicious prosecution or prima facie tort. To maintain an action to recover damages for malicious prosecution, a plaintiff must establish, *inter alia,* that the criminal proceeding terminated in favor of the accused and there was an absence of probable cause for the proceeding (*see, Smith-Hunter v Harvey,* 95 NY2d 191). In the present case, the termination of the trespass charge was not in favor of the plaintiff (*see, MacFawn v Kresler,* 88 NY2d 859; *DiCecilia v Early,* 234 AD2d 335). Additionally, the plaintiff also failed to establish the absence of probable cause for the trespass charge (*see, Smith-Hunter v Harvey, supra*).

The requisite elements of a cause of action sounding in prima facie tort include (1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful (*see, Freihofer v Hearst Corp.,* 65 NY2d 135; *Curiano v Suozzi,* 63 NY2d 113). Here, the plaintiff failed to allege special damages with the required specificity (*see, Freihofer v Hearst Corp., supra*; *DiSanto v Forsyth,* 258 AD2d 497). Additionally, the plaintiff failed to establish that the sole motivation for the institution of the criminal charge was disinterested malevo-

lence (*see, EECP Ctr. Am. v Vasomedical, Inc.,* 265 AD2d 372; *see generally, Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314). Santucci, J. P., S. Miller, Smith and Crane, JJ., concur.