OPINION OF THE COURT
Memorandum.
Order entered July 10, 2001 unanimously modified by granting plaintiffs motion for partial summary judgment to the extent of dismissing defendant’s counterclaim and the affirmative defense of frivolousness, and, upon searching the record, granting so much of defendant’s cross motion as sought summary judgment dismissing plaintiffs fourth and sixth causes of action alleging battery and false imprisonment; as so modified, affirmed without costs.
Order entered April 30, 2002 unanimously affirmed without costs.
Plaintiff commenced this action to recover for, among other things, breach of contract, false imprisonment and battery. Defendant claims that plaintiff is her former boyfriend and that the action was commenced to harass her due to her ending their relationship. Defendant’s answer asserted, among other things, a counterclaim for prima facie tort and affirmative defenses alleging that a number of plaintiffs causes of action were barred by the statute of limitations and that plaintiffs action was frivolous. Plaintiff contends, inter alia, that the court should have granted his motion to dismiss defendant’s counterclaim and her affirmative defenses, and that the court should have granted his motion for renewal.
Inasmuch as defendant’s counterclaim seeking to recover for prima facie tort did not allege any specific and measurable loss or special damages, the branch of plaintiffs motion which sought summary judgment dismissing the counterclaim should have been granted (see Freihofer v Hearst Corp., 65 NY2d 135 [1985]; Paroff v Muss, 171 AD2d 782, 783 [1991]). Defendant’s affirmative defense alleging that the action was frivolous must likewise be dismissed because it is more akin to a denial, or an assertion that the complaint fails to state a cause of action, than an affirmative defense (see CPLR 3018 [b]; Platt v Portnoy, 220 AD2d 652, 653 [1995]). However, this determination does not preclude an award of costs and sanctions if such an award is found to be warranted (see 22 NYCRR 130-1.1).
Plaintiffs contention that he is entitled to summary judgment dismissing defendant’s affirmative defense asserting the *190 statute of limitations lacks merit. The statute of limitations for plaintiffs false imprisonment cause of action is one year (see CPLR 215 [3]) and the cause of action accrued when plaintiff was released from custody (see Matter of Ragland v New York City Hous. Auth., 201 AD2d 7, 9 [1994]). Inasmuch as it is undisputed that plaintiff was released from custody on January 17, 2000 and the record establishes that service of the summons was not complete prior to the expiration of the statute of limitations (see CPLR 203; CCA 402 [b]; 409 [a]; 410 [b]; Greenberg v Rosenberg, 174 AD2d 601 [1991]; Matter of Zaretski v Tutunjian, 133 AD2d 928 [1987]; Furey v Milgrom, 44 AD2d 91 [1974]), plaintiffs cause of action to recover for false imprisonment was not timely commenced. Exercising our inherent power to search the record and grant summary judgment to defendant notwithstanding that she did not appeal from the denial of her motion which sought summary judgment (see CPLR 3212 [b]; Irmiyayeva v Thompson, 296 AD2d 439 [2002]), we hold that defendant is entitled to summary judgment dismissing the sixth cause of action alleging false imprisonment. Similarly, because plaintiff conceded his action for battery was untimely, defendant is also entitled to summary judgment dismissing the fourth cause of action which asserted such claim.
Contrary to plaintiffs contention, the branch of his motion which sought renewal was properly denied because he did not establish either a reasonable excuse for his failure to present the new facts or that such new facts warranted a different determination with respect to his motion for partial summary judgment (see CPLR 2221 [e]).
Based upon this court’s review of the record and the briefs submitted to it, it appears that although plaintiff swears that he was not involved in a romantic relationship with defendant, exhibits annexed to defendant’s surreply affidavit are susceptible to a determination that there was such a relationship. Likewise, while plaintiff swore that the services he rendered to plaintiff “formed the sole basis of [their] relationship,” in a brief he submitted to this court, he denied stating that the relationship was purely based upon business. Although the record before this court is insufficient to determine the true nature of the parties’ relationship and whether the instant action was commenced in good faith, we note that if evidence is adduced which demonstrates that plaintiff knowingly made false statements to this court or to the Civil Court, an award of costs, the imposition of sanctions and a referral to the Disciplinary Com *191 mittee for the 2d and 11th Judicial Districts should be considered (see e.g. Penal Law §§ 210.05, 210.10, 210.35, 210.40; 22 NYCRR 130-1.1; Code of Professional Responsibility DR 7-102 [a] [5], [7] [22 NYCRR 1200.33 (a) (5), (7)]).
Plaintiffs remaining contentions lack merit.
Aronin, J.P., Patterson and Golia, JJ., concur.