**Carole ARUM, Plaintiff,**

v.

**Mr. Richard MILLER, Director of Pupil Services, Syosset, S.D., Police Officer John Klesserath, Police Officer John Wheeler, Sergeant Ralph Hoffman, Det. David M. Ohayon, County of Nassau Police Department, County of Nassau, N.Y., Defendants.**

No. CV–00–7476 (ADS)(ETB).

United States District Court, E.D. New York.

July 28, 2003.

Carole Arum, Syosset, NY, Plaintiff Pro Se.

Rains & Pogrebin, P.C. by Howard M. Miller, Esq., Of Counsel, Mineola, NY, for Defendants, Richard Miller.

Nassau County Attorneys Office by Deputy County Attorney Liora M. Ben–Sorek, Mineola, NY, for Defendants, Police Officer John Klesserath, Police Officer John Wheeler, Sergeant Ralph Hoffman, Det. David M. Ohayon, County of Nassau Police Department and County of Nassau.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

The *pro se* plaintiff Carole Arum ("Arum" or the "plaintiff") brings this action against the defendants Richard Miller ("Miller"), Police Officer John Klesserath ("Klesserath"), Police Officer John Wheeler ("Wheeler"), Sergeant Ralph Hoffman ("Hoffman"), Detective David M. Ohayon ("Ohayon"), the County of Nassau Police Department (the "Nassau County Police Department") and the County of Nassau (collectively, the "defendants") alleging that, among other things, they falsely arrested and maliciously prosecuted her in violation of 42 U.S.C. § 1983 ("Section 1983") and New York State law. Presently before the Court is Miller's motion for summary judgment dismissing all claims against him pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Rule 56").

## I. BACKGROUND

### A. The Procedural History

On November 6, 2000, the plaintiff filed a complaint against the defendants alleging that they violated her constitutional rights during her arrest at the Syosset School District. On March 20, 2002, the Court denied Miller's motion to dismiss the claims of malicious prosecution and excessive force under Section 1983 and granted his motion to dismiss the claims of abuse of authority, "telephoning the police", false arrest, and all claims under New York State law. *Arum v. Miller*, 193 F.Supp.2d 572 (E.D.N.Y.2002).

On February 8, 2003, the Court granted the plaintiff's motion for reconsideration allowing her to proceed with her claims against Miller under New York State law. *Arum v. Miller*, No. 00–7476 (E.D.N.Y. Feb. 8, 2003). In that decision, the Court also denied Miller's motion for summary judgment without prejudice on the ground that he did not comply with Rule 56.2 of the Local Rules of the United States District Courts for the Eastern and Southern Districts of New York ("Rule 56.2"). *Id.* at 8. Rule 56.2 requires a represented party who moves for summary judgment against a *pro se* litigant to apprise her of the consequences of failing to respond to a motion for summary judgment. Shortly thereafter, the Court granted Miller permission to refile his motion for summary judgment. Miller has now refiled his motion in compliance with Rule 56.2.

### B. The Undisputed Facts

The plaintiff is a resident of the Syosset Central School District (the "School Dis-

trict"). Miller is the Director of Pupil Personnel Services for the School District. On January 5, 2000, the plaintiff went to the School District's offices to discuss her son's bus transportation with Miller. There, the plaintiff asked to review her son's educational file. The file was then brought to her. While she was reviewing the file, Miller took it from her and struck her in the mouth with his elbow. As a result of this incident, the plaintiff suffered a bruised lip and chipped tooth.

Shortly after this incident, the police arrived. The police asked the plaintiff to leave the premises voluntarily. She refused. The police then informed Miller that since the plaintiff refused to leave voluntarily, he was required to fill out a trespass complaint in order for them to remove her. Thereafter, the police informed the plaintiff that if she did not leave voluntarily, they would have to arrest her. In response, the plaintiff held out her hands to be handcuffed. The police then arrested her.

Thereafter, an assistant district attorney from the Nassau County District Attorney's Office who was handling the trespass charge asked the School District whether it wished to pursue charges against the plaintiff. The School District stated that it only wanted the plaintiff to leave the premises and did not want her prosecuted. Miller also did not want her prosecuted. Rather, Miller just wanted her to leave the premises that day. Eventually, the Nassau County District Attorney dismissed the trespass charge in the interest of justice pursuant to Criminal Procedure Law § 170.30(1)(g).

## II. DISCUSSION

### A. The Standard for Summary Judgment

Summary judgment must "be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden is on the party moving for summary judgment to establish the absence of any genuine issues of material fact, *see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and any ambiguities must be resolved in favor of the non-movant, *see Celotex Corp. v. Catrett,* 477 U.S. 317, 330 n. 2, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Where the movant shows that there are no genuine issues of material fact, the non-movant "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Niagara Mohawk Power Corp. v. Jones Chemical Inc.,* 315 F.3d 171, 175 (2d Cir.2003) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n. 11, 106 S.Ct. 1348, 1356 n. 11, 89 L.Ed.2d 538 (1986)) (quoting Fed. R.Civ.P. 56(e)). The non-movant is unable to escape summary judgment by asserting that unspecified disputed material facts exist or through conjecture or speculation. *Harlen Assocs. v. Inc. Village of Mineola,* 273 F.3d 494, 499 (2d Cir.2001). Finally, disputed facts that are not material to the issues in the case may not defeat summary judgment. *Hemphill v. Schott,* 141 F.3d 412, 416 (2d Cir.1998).

"As to materiality, the substantive law will identify which facts are material." *Liberty Lobby,* 477 U.S. at 248, 106 S.Ct. 2505, 91 L.Ed.2d 202. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* A genuine issue of material fact exists if "a reasonable jury could return a verdict for the nonmoving party [on that issue]." *Id.* Where there is evidence in the record showing that there is any material fact

from which an inference could be drawn in favor of the non-movant, summary judgment is unavailable. *O'Bert ex rel. Estate of O'Bert v. Vargo,* 331 F.3d 29, 36 (2d Cir.2003).

"[T]he trial court's task at the summary judgment motion stage of litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to decid[e] them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs. Ltd.,* 22 F.3d 1219, 1224 (2d Cir. 1994).

Finally, the Court is mindful that the plaintiff is proceeding *pro se* and that her submissions should be held " 'to less stringent standards than formal pleadings drafted by lawyers.' " *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) *(per curiam )* (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972)); *see also Ferran v. Town of Nassau,* 11 F.3d 21, 22 (2d Cir.1993). The Court recognizes that it must make reasonable allowances so that a *pro se* litigant does not forfeit rights by virtue of her lack of legal training. *See Traguth v. Zuck,* 710 F.2d 90, 94 (2d Cir. 1983). However, the Court is also aware that *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Id.* at 95 (internal quotation marks omitted).

**B. Excessive Force**

■ A plaintiff has a constitutional " 'right to be free from the use of excessive force' in the 'non-seizure, non-prisoner context.' " *Johnson v. Newburgh Enlarged Sch. Dist.,* 239 F.3d 246, 251 (2d Cir.2001) (citing *Rodriguez v. Phillips,* 66 F.3d 470, 476 (2d Cir.1995)). In evaluating whether the constitutional line has been crossed, courts consider the following factors: "the need for the application of force, the rela-

tionship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* at 251–52 (citations omitted). The malice or sadism must amount to an abuse of power literally shocking to the conscience. *Id.* at 252.

■ Here, the plaintiff alleges that Miller intentionally struck her in the mouth with his elbow causing her to suffer a broken tooth and bruised lip. The plaintiff states that Miller hit her so hard that it caused her to fall from a chair and hit the floor. This incident occurred while the plaintiff was viewing her disabled son's educational file at the Syosset School District. Viewing all ambiguities and inferences in favor of the plaintiff, the Court find that there are genuine issues of material fact whether the alleged assault shocks the conscience. *See Johnson,* 239 F.3d at 252 (finding that head trauma, lacerations and bruising to a child which required hospital treatment due to a teacher's choking, punching and deliberate slamming of objects into his head rose to the level of conscience shocking). Accordingly, the motion to dismiss the Section 1983 excessive force claim is denied.

**C. Malicious Prosecution**

■ In a malicious prosecution claim, the plaintiff must show: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff; (2) the termination of the proceeding in favor of the accused; (3) the absence of probable cause for the criminal proceeding; and (4) actual malice. *Ricciuti v. N.Y.C. Transit Auth.,* 124 F.3d 123, 130 (2d Cir.1997); *O'Brien v. Alexander,* 101 F.3d 1479, 1484 (2d Cir.1996).

■ As to the first element, Miller argues that he did not initiate a criminal proceeding against the plaintiff. Generally, a civilian who merely provides information to the police who are then free to exercise their own judgment whether to prosecute is not liable for malicious prosecution. *See Shattuck v. Town of Stratford,* 233 F.Supp.2d 301, 313 (D.Conn.2002); *Dickerson v. Monroe County Sheriff's Dep't,* 114 F.Supp.2d 187, 190 (W.D.N.Y. 2000). However, a civilian may be liable for malicious prosecution where the plaintiff shows that the civilian " 'initiated' or 'instigated' the proceedings against [her] by contacting the police and then encouraging their prosecution." *Shattuck,* 233 F.Supp.2d at 314. *See also White v. Frank,* 855 F.2d 956, (2d Cir.1988) (noting that in a malicious prosecution claim, the complaining witness may be held liable for her role "in initiating a baseless prosecution" and was not "absolutely immune at common law.") (citing *Malley v. Briggs,* 475 U.S. 335, 340, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986)).

■ Here, Miller called the police after the incident and then filled out a trespass complaint in order for the police to remove the plaintiff from the School District's premises. As such, the Court finds that there are genuine issues of material fact whether Miller initiated or instigated the criminal proceeding against the plaintiff.

■ As to the second element, Miller argues that the criminal charges against the plaintiff did not terminate in her favor. For a dismissal in the interest of justice to be a "favorable termination", the court's reasons for dismissing the charges must not be inconsistent with the innocence of the accused. *Cantalino v. Danner,* 96 N.Y.2d 391, 392, 729 N.Y.S.2d 405, 754 N.E.2d 164 (N.Y.2001). Certain types of terminations are not "favorable" because they are inconsistent with innocence. For example, a termination is not favorable

where the government does not proceed because the accused's misconduct prevents a proper trial; where the prosecution ends due to a compromise with the accused; or where charges are dismissed out of mercy. 96 N.Y.2d at 395, 729 N.Y.S.2d at 405, 754 N.E.2d 164. A dismissal out of mercy is not a favorable termination because "mercy presupposes the guilt of the accused." *Id.*

■ Miller argues that charges were dismissed out of mercy. The Court disagrees. On October 17, 2000, the Nassau County District Attorney moved to dismiss charges against the plaintiff in the interest of justice pursuant to Criminal Procedure Law § 170.30(1)(g). In support of this application, the prosecution stated: (1) this was the plaintiff's first arrest; (2) Miller and the School District did not wish to proceed criminally against the plaintiff; (3) the trespass was related to an ongoing dispute between the plaintiff and the School District concerning her son; and (4) no physical harm or injury involved the trespass. *People v. Arum,* 2000NA000361, at *2–3 (Nassau County District Court Oct. 17, 2000). The State Court then orally dismissed all charges against the plaintiff. *Id.* at *3–4. However, the State Court presented no reasons for dismissing charges in the interest of justice. At the close of the proceedings, the prosecution noted that it did not move to dismiss charges based on a legal impediment but rather only in the interest of justice. *Id.* at *4–5.

The Court finds that the charges against the plaintiff terminated in her favor. In the first instance, the State Court did not present any reasons for dismissing charges in the interest of justice. As such, the Court is left with no clear basis for the dismissal of charges against the plaintiff. Second, the prosecution did not state that the dismissal was out of mercy. Nor did

the prosecution imply that the dismissal was out of mercy. Indeed, none of the reasons expressed by the prosecution are inconsistent with the plaintiff's innocence. And, neither the State Court nor the prosecution referred to the plaintiff's guilt or innocence. Thus, the reasons for dismissing the charges against the plaintiff were not inconsistent with her innocence.

As to the third element, Miller argues that there was probable cause to charge the plaintiff with trespass. "[P]robable cause to arrest exists when the authorities have knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested." *Lennon v. Miller,* 66 F.3d 416, 424 (2d Cir.1995) (internal quotations and citations omitted). The plaintiff alleges that the probable cause to arrest her was based upon Miller falsely accusing her of trespass to avoid his being arrested for assault. The Court finds that there are genuine issues of material fact whether the police had knowledge or reasonably trustworthy information to believe that the plaintiff was committing a crime.

As to the fourth element, Miller argues that the plaintiff has not shown that he acted with actual malice. Malice does not require actual spite or hatred, but rather means only " 'that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served.' " *Lowth v. Town of Cheektowaga,* 82 F.3d 563, 572 (2d Cir.1996) (citing *Nardelli v. Stamberg,* 44 N.Y.2d 500, 502–03, 406 N.Y.S.2d 443, 445, 377 N.E.2d 975 (1978)). Ordinarily, the lack of probable cause, while not dispositive, " 'tends to show that the accuser did not believe in the guilt of the accused, and malice may be inferred from the lack of probable cause.' " *Id.* Because the plaintiff alleges that Miller falsely accused her of

trespass to avoid arrest for assault, the Court finds that there are genuine issues of material fact whether Miller acted with actual malice.

Based on the foregoing, the Court denies Miller's motion for summary judgment dismissing the malicious prosecution claim under Section 1983.

**D. Color of State Law**

Miller argues that he was not acting under color of state law when he allegedly assaulted and maliciously prosecuted the plaintiff. The Court disagrees.

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988) (quoting *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941)). "It is firmly established that a defendant in a § 1983 suit acts under color of state law when he abuses the position given to him by the State." 487 U.S. at 49–50, 108 S.Ct. at 2255. Indeed, the defendant's conduct at issue must arise out of her role as a state official. *See Kern v. City of Rochester,* 93 F.3d 38, 43 (2d Cir.1996) (finding that the defendant did not act under color of state law where the sexual abuse claims arose out of his role as a union president, not his capacity as a city fire fighter).

Here, Miller is the School District's Director of Pupil Personnel Services. The incident at issue occurred in Miller's office. And, at that time, Miller and the plaintiff were discussing her son's bus transportation to and from school. As such, the alleged incident was related to Miller's position as a state official. Ac-

cordingly, the Court finds that Miller was acting under color of state law.

### E. The State Law Claims

Miller argues that the complaint does not assert state law claims. In the alternative, Miller argues that even if it does allege such claims, the Court should not exercise supplemental jurisdiction over them. The Court finds that the complaint asserts claims of assault and malicious prosecution against Miller under New York State law. And, the Court exercises supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

### III. CONCLUSION

Based upon the foregoing, it is hereby

ORDERED, that the motion for summary judgment dismissing the excessive force and malicious prosecution claims against Miller under 42 U.S.C. § 1983 is DENIED; and it is further

ORDERED, that the motion for summary judgment dismissing the claims of assault and malicious prosecution against Miller under New York State law is DENIED; and it is further

ORDERED, that United States Magistrate Judge E. Thomas Boyle's order staying discovery is vacated and that the parties are directed to contact him forthwith to complete discovery; and it is further

ORDERED, that the parties are directed to appear before this Court for jury selection on October 14, 2003.

SO ORDERED.