■ JONATHAN CHARNIS, Appellant, v GISELLE R. SHOHET, Respondent. [768 NYS2d 638]—

In an action, inter alia, to recover damages for false imprisonment, the plaintiff appeals, by permission, as limited by his brief, from stated portions of an order of the Appellate Term of the Supreme Court for the Second and Eleventh Judicial Districts, dated October 31, 2002, which, among other things, modified an order of the Civil Court, Queens County, entered July 10, 2001, so as to grant that branch of the defendant's motion which was to dismiss the sixth cause of action as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Appellate Term properly found that the plaintiff's sixth cause of action seeking damages for false imprisonment is barred by the applicable statute of limitations. The plaintiff's cause of action alleging false imprisonment accrued on January 17, 2000, when he was released from confinement (*see Roche v Village of Tarrytown*, 309 AD2d 842 [2003]; *Avgush v Town of Yorktown*, 303 AD2d 340 [2003]; *Matter of Ragland v New York City Hous. Auth.*, 201 AD2d 7, 9 [1994]). The action was not commenced until January 18, 2001, when the plaintiff purchased an index number and filed the summons with proof of service in the Civil Court (*see* CPLR 203 [c]; Court of Claims Act § 410 [b]; *Matter of Gershel v Porr*, 89 NY2d 327, 330 [1996]; *Lumberman's Mut. Cas. Co. v Temco Serv. Indus.*, 209 AD2d 296 [1994]). Since the action was commenced after expiration of the one-year statute of limitations (*see* CPLR 215 [3]), the Appellate Term correctly determined that the cause of action alleging false imprisonment should have been dismissed.

The plaintiff's remaining contention is without merit. Altman, J.P., S. Miller, McGinity, Adams and Mastro, JJ., concur. [*See* 195 Misc 2d 188.]