■ PAUL BELLISSIMO, Appellant, v TERI MITCHELL, Respondent. [995 NYS2d 603]—

In an action, inter alia, to recover damages for false arrest, false imprisonment, and malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Asher, J.), dated September 5, 2012, which granted those branches of the defendant's motion which were to dismiss the first, third, and fourth causes of action pursuant to CPLR 3211 (a) (5) as time-barred and to dismiss the second cause of action pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was to dismiss the second cause of action pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly granted those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (5) to dismiss, as time-barred, the first and third causes of action, alleging, respectively, false arrest and false imprisonment. Causes of action based on false arrest and false imprisonment accrue upon the subject's "release[ ] from confinement" (*Charnis v Shohet*, 2 AD3d 663, 663 [2003]; *see Roche v Village of Tarrytown*, 309 AD2d 842, 843 [2003]; *Avgush v Town of Yorktown*, 303 AD2d 340, 341 [2003]), and are governed by a one-year statute of limitations (*see* CPLR 215 [3]). Here, the plaintiff was released from confinement on December 22, 2005, nearly six years prior to the commencement of the present action. Consequently, the causes of action alleging false arrest and false imprisonment are untimely (*see* CPLR 215 [3]; *Charnis v Shohet*, 2 AD3d at 663; *Roche v Village of Tarrytown*, 309 AD2d at 843; *Avgush v Town of Yorktown*, 303 AD2d at 341).

The Supreme Court also properly determined that the fourth

cause of action, alleging damages for intentional infliction of emotional distress, is time-barred. The applicable one-year statute of limitations for such a cause of action begins to run on the date of injury (*see Wilson v Erra*, 94 AD3d 756 [2012]; *Passucci v Home Depot, Inc.*, 67 AD3d 1470, 1471 [2009]). Here, since the alleged injuries occurred upon the plaintiff's arrest in 2005, and his prosecution in 2007, this cause of action is time-barred (*see* CPLR 215 [3]; *Wilson v Erra*, 94 AD3d at 756; *Passucci v Home Depot, Inc.*, 67 AD3d at 1471).

Contrary to the plaintiff's contention, he was not entitled to a toll of the statute of limitations with respect to the first, third, and fourth causes of action based upon the doctrine of equitable estoppel. The plaintiff did not allege, either in his complaint or in opposition to the defendant's motion to dismiss the complaint, misleading conduct on the part of the defendant upon which the plaintiff could have reasonably relied to delay commencement of the action (*see Zumpano v Quinn*, 6 NY3d 666, 675 [2006]; *Mizuno v Barak*, 113 AD3d 825 [2014]; *Chi Kee Pang v Synlyco, Ltd.*, 89 AD3d 976, 977-978 [2011]).

However, the Supreme Court improperly granted that branch of the defendant's motion which was to dismiss the second cause of action, alleging malicious prosecution, pursuant to CPLR 3211 (a) (7). In order to recover damages for malicious prosecution, a plaintiff must establish that "(1) a criminal proceeding was commenced; (2) the criminal proceeding was terminated in favor of the accused; (3) the criminal proceeding lacked probable cause; and (4) the criminal proceeding was commenced out of actual malice" (*Spinner v County of Nassau*, 103 AD3d 875, 876-877 [2013] [emphasis omitted]; *see Cantalino v Danner*, 96 NY2d 391, 394 [2001]).

Here, the Supreme Court concluded that the underlying criminal proceeding, in which the accusatory instrument was dismissed in the interest of justice (*see People v Bellissimo*, 31 Misc 3d 142[A], 2011 NY Slip Op 50831[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]), was not terminated in the plaintiff's favor. This conclusion is incorrect. "[A]ny termination of a criminal prosecution, such that the criminal charges may not be brought again, qualifies as a favorable termination, so long as the circumstances surrounding the termination are not inconsistent with the innocence of the accused" (*Cantalino v Danner*, 96 NY2d at 395; *see Smith-Hunter v Harvey*, 95 NY2d 191, 195-196 [2000]; *see also Martinez v City of Schenectady*, 97 NY2d 78, 84 [2001]).

In *Cantalino*, the Court of Appeals considered whether the dismissal of a criminal proceeding in the interest of justice was

a " 'favorable termination' " for purposes of a malicious prosecution action (*id*. at 392). The Court explained that there was no "per se rule that a dismissal in the interest of justice can never constitute a favorable termination" (*id*. at 396). Rather, the Court set forth a "case-specific rule," whereby the courts are to determine whether, "under the circumstances of each case, the disposition was inconsistent with the innocence of the accused" (*id*.). In the case before it, the Court of Appeals concluded that the interest-of-justice dismissal constituted a favorable termination, citing the Criminal Court's indication that it was dismissing the charges because they were unfounded (*see id*. at 396). It contrasted the case before it with a prior case, *Ward v Silverberg* (85 NY2d 993 [1995]), in which it had found that an interest-of-justice dismissal was not a favorable termination of the criminal proceeding. The Court explained that, in *Ward*, unlike in *Cantalino*, the Criminal Court had "recognized that [the] plaintiff had committed the charged conduct, [but] it did not believe a criminal sanction was appropriate" (*Cantalino v Danner*, 96 NY2d at 396). Thus, "the criminal charges in *Ward* were dismissed out of mercy" (*id*.). A dismissal out of mercy "is fundamentally inconsistent with the accused's innocence" (*id*.; *see Smith-Hunter v Harvey*, 95 NY2d at 197).

In the present case, the criminal charges against the plaintiff were not dismissed out of mercy. Rather, they were dismissed based upon "the weakness of the proof of guilt" (*People v Bellissimo*, 31 Misc 3d 142[A], 2011 NY Slip Op 50831[U] [2011], *3), a conclusion which is not inconsistent with the plaintiff's innocence (*see Cantalino v Danner*, 96 NY2d at 395-396). Accordingly, the Supreme Court should not have directed the dismissal of the malicious prosecution cause of action pursuant to CPLR 3211 (a) (7) for failure to allege favorable termination of the underlying criminal proceeding.

Further, the factual allegations regarding the other elements of the malicious prosecution cause of action were sufficient to withstand a motion to dismiss (*see Avgush v Town of Yorktown*, 303 AD2d at 341; *see generally Leon v Martinez*, 84 NY2d 83, 87-88 [1994]).

The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit.

Accordingly, we modify the order so as to reinstate the second cause of action, alleging malicious prosecution, and affirm the order as so modified. Skelos, J.P., Dickerson, Maltese and LaSalle, JJ., concur.

Motion by the respondent on an appeal from an order of the Supreme Court, Suffolk County, dated September 5, 2012, to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record, and cross motion by the appellant for this Court to take judicial notice of certain material. By decision and order on motion of this Court dated July 31, 2013, the motion and the cross motion were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and cross motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion to strike stated portions of the appellant's brief is granted, and footnote 1 on pages 3 through 5 of the appellant's main brief and all references to an alleged citizen's arrest in the appellant's main brief and reply brief are deemed stricken and have not been considered in the determination of the appeal; and it is further,

Ordered that the cross motion for this Court to take judicial notice of certain material is denied. Skelos, J.P., Dickerson, Maltese and LaSalle, JJ., concur.