■ JOHN SINAGRA, Appellant, v CITY OF NEW YORK et al., Respondents. [7 NYS3d 286]—

In an action to recover damages for false arrest and malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated October 18, 2012, which granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87 [1994]). Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one and, unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]; *Fishberger v Voss*, 51 AD3d 627, 628 [2008]).

In order to recover damages for false imprisonment, the plaintiff must show that: "(1) the defendant intended to confine him [or her], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged" (*Broughton v State of New York*, 37 NY2d 451, 456 [1975]; *see Martinez v City of Schenectady*, 97 NY2d 78, 85 [2001]). Here, the defendants demonstrated that the plaintiff's allegation, in effect, that the arrest was not privileged was "not a fact at all," and that there is no significant dispute regarding it (*Guggenheimer v Ginzburg*, 43 NY2d at 275), by the submission of a warrant for the plaintiff's arrest that was valid on its face and issued by a court having jurisdiction over the prosecution of the alleged crime and personal jurisdiction over the plaintiff (*see Donald v State of New York*, 17 NY3d 389, 395 [2011]; *Davis v City of Syracuse*, 66 NY2d 840, 842 [1985]; *Broughton v State of New York*, 37 NY2d at 457; *Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d 278, 286 [2003]).

In order to recover damages for malicious prosecution, a plaintiff must establish four elements: that a criminal proceed-

ing was commenced or initiated by the defendant; that it was terminated in favor of the accused; that it lacked probable cause; and that the proceeding was brought out of actual malice (*see Cantalino v Danner*, 96 NY2d 391, 394 [2001]; *Lupski v County of Nassau*, 32 AD3d 997, 998 [2006]; *Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d at 286). "[A]ny termination of a criminal prosecution, such that the criminal charges may not be brought again, qualifies as a favorable termination, so long as the circumstances surrounding the termination are not inconsistent with the innocence of the accused" (*Cantalino v Danner*, 96 NY2d at 395; *Smith-Hunter v Harvey*, 95 NY2d 191, 195-196 [2000]). Here, although the underlying criminal charges were dismissed against the plaintiff based on the prosecution's unreasonable delay in indicting him (*see People v Sinagra*, 15 Misc 3d 1146[A], 2007 NY Slip Op 51180[U] [Sup Ct, Kings County 2007]), under the circumstances of this case, the disposition was "inconsistent with the innocence of the accused" (*Cantalino v Danner*, 96 NY2d at 396; *see Ward v Silverberg*, 85 NY2d 993, 994 [1995]). Thus, the defendants showed that the plaintiff's allegation that the criminal proceeding was terminated in his favor was "not a fact at all" (*Guggenheimer v Ginzburg*, 43 NY2d at 275), and that there is no significant dispute regarding it.

The parties' remaining contentions have been rendered academic in light of our determination.

Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action. Dillon, J.P., Dickerson, Chambers and Roman, JJ., concur.