■ HENRY COLEMAN, Appellant, v AUDRY WORSTER, Respondent. [35 NYS3d 354]—

In an action to recover damages for false arrest and false imprisonment, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated April 27, 2015, as granted the defendant's motion pursuant to CPLR 3025 (b) for leave to amend her answer to assert the statute of limitations as a defense and, thereupon, for summary judgment dismissing the complaint as time-barred, and (2) from an order of the same court dated May 5, 2015, which denied, as academic, his motion for leave to enter a default judgment.

Ordered that the order dated April 27, 2015, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated May 5, 2015, is affirmed, without costs or disbursements.

The plaintiff commenced this action against the defendant to recover damages for false arrest and false imprisonment. After the defendant interposed an answer, she moved pursuant to CPLR 3025 (b) for leave to amend her answer to assert the statute of limitations as a defense and, thereupon, for summary judgment dismissing the complaint as time-barred. The plaintiff opposed the defendant's motion and moved for leave to enter a default judgment. In an order dated April 27, 2015, the Supreme Court, among other things, granted the defendant's motion. In an order dated May 5, 2015, the court denied the plaintiff's motion for leave to enter a default judgment on the ground that it was rendered academic in light of the order dated April 27, 2015.

"A party may amend his or her pleading . . . at any time by leave of court or by stipulation of all parties" (CPLR 3025 [b]). "Applications to amend pleadings are within the sound discretion of the court, and that of the Appellate Division" (*Kimso Apts., LLC v Gandhi*, 24 NY3d 403, 411 [2014]).

"As a general rule, 'leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit' " (*Davis v South Nassau Communities Hosp.*, 26 NY3d 563, 580 [2015], quoting *Pink v Ricci*, 100 AD3d 1446, 1448 [2012]). "Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine" (*Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983] [internal quotation marks omitted]; *see HSBC Bank v Picarelli*, 110 AD3d 1031, 1032 [2013]). "The burden of establishing prejudice is on the party opposing the amendment" (*Kimso Apts., LLC v Gandhi*, 24 NY3d at 411). Accordingly, where, as here, a plaintiff opposes a motion for leave to amend an answer so as to add a defense, the plaintiff has the burden "to establish prejudice accruing to him [or her] as a consequence of defendant's failure to timely assert the defense, and to include a showing that the prejudice could have been avoided if the defense had been timely asserted" (*Caceras v Zorbas*, 74 NY2d 884, 885 [1989]; *see Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18, 23 [1981]).

Here, since the proposed amendment did not result in any

prejudice or surprise to the plaintiff and was not palpably insufficient or patently devoid of merit, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was pursuant to CPLR 3025 (b) for leave to amend her answer to assert the statute of limitations as a defense (*see Carducci v Bensimon*, 115 AD3d 693, 694 [2014]; *HSBC Bank v Picarelli*, 110 AD3d at 1032; *cf. Murray v City of New York*, 43 NY2d 400, 406 [1977]).

Furthermore, contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint as time-barred. "Causes of action based on false arrest and false imprisonment . . . are governed by a one-year statute of limitations" (*Bellissimo v Mitchell*, 122 AD3d 560, 560 [2014] [citations omitted]; *see* CPLR 215 [3]). Such causes of action accrue upon the individual's "release[ ] from confinement" (*Charnis v Shohet*, 2 AD3d 663, 663 [2003]; *see Bellissimo v Mitchell*, 122 AD3d at 560; *Roche v Village of Tarrytown*, 309 AD2d 842, 843 [2003]; *Avgush v Town of Yorktown*, 303 AD2d 340, 341 [2003]).

Here, the defendant established her prima facie entitlement to judgment as a matter of law by demonstrating that the action accrued on July 4, 2009, when the plaintiff was released from custody, and that this action was not commenced within one year of that date. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was for summary judgment dismissing the complaint as time-barred (*see Bellissimo v Mitchell*, 122 AD3d at 560; *Charnis v Shohet*, 2 AD3d at 663; *see also Frumento v On Rite Co., Inc.*, 66 AD3d 828, 829-830 [2009]), and denied, as academic, the plaintiff's motion for leave to enter a default judgment. Dillon, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.