Shields v Darpoh (2022 NY Slip Op 04573)

Shields v Darpoh

2022 NY Slip Op 04573

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2019-14482
 (Index No. 519170/17)

[*1]Ray Shields, et al., appellants,
v
Kenneth Darpoh, et al., respondents.

Grant & Longworth, LLP, Dobbs Ferry, NY (Kenneth J. Gorman of counsel), for appellants.
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP, Kew Gardens, NY (Matthew J. Routh of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for specific performance of a joint venture agreement, the plaintiffs appeal from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated October 24, 2019. The order, insofar as appealed from, granted that branch of the defendants' motion which was for leave to amend their answer to assert the affirmative defense of the statute of frauds.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action in October 2017, seeking, inter alia, specific performance of an alleged oral joint venture agreement. The defendants filed an answer with counterclaims dated October 24, 2017. In April 2019, the defendants moved, among other things, for leave to amend their answer to assert the affirmative defense of the statute of frauds. In an order dated October 24, 2019, the Supreme Court, inter alia, granted that branch of the defendants' motion. The plaintiffs appeal.
"Under CPLR 3025(b), a party may amend a pleading 'at any time' by leave of the court" (Redd v Village of Freeport, 150 AD3d 780, 781, quoting CPLR 3025[b]), and "[l]eave shall be freely given upon such terms as may be just" (CPLR 3025[b]; see Onewest Bank, FSB v N & R Family Trust, 200 AD3d 902; GMAC Mtge., LLC v Coombs, 191 AD3d 37, 48). "'In the absence of prejudice or surprise resulting directly from the delay in seeking leave, such applications are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Onewest Bank, FSB v N & R Family Trust, 200 AD3d at 903, quoting Lucido v Mancuso, 49 AD3d 220, 222; see GMAC Mtge., LLC v Coombs, 191 AD3d at 48). "'Mere lateness is not a barrier to the amendment. It must be lateness coupled with significant prejudice to the other side, the very elements of the laches doctrine'" (Ditech Fin., LLC v Khan, 189 AD3d 1360, 1362, quoting BAC Home Loans Servicing, L.P. v Jackson, 159 AD3d 861, 863 [internal quotation marks omitted]; see Park v Home Depot U.S.A., Inc., 183 AD3d 645, 646). "The burden of demonstrating prejudice or surprise, or that a proposed amendment is palpably insufficient or patently devoid of merit, falls upon the party opposing the motion" (Ditech Fin., LLC v Khan, 189 AD3d at 1362; see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 411; Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d 64, 71-74; [*2]Park v Home Depot U.S.A., Inc., 183 AD3d at 646). "The determination to permit or deny the amendment is committed to the sound and broad discretion of the trial court, and its determination will not lightly be set aside" (Park v Home Depot U.S.A., Inc., 183 AD3d at 646 [citations omitted]; see Kimso Apts., LLC v Gandhi, 24 NY3d at 411).
Here, contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was for leave to amend their answer to assert the affirmative defense of the statute of frauds. Although the defendants failed to offer a reasonable excuse for their delay in seeking leave to amend their answer (see Ridgewood Sav. Bank v Glickman, 197 AD3d 1189), the plaintiffs failed to demonstrate that they were prejudiced or unfairly surprised by the defendants' delay in seeking the proposed amendment (see Kimso Apts., LLC v Gandhi, 24 NY3d at 411; Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d at 71-74; Coleman v Worster, 140 AD3d 1002, 1003-1004). In addition, the plaintiffs did not assert that the amendment is patently devoid of merit or palpably insufficient (see Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d at 71-74; Sudit v Labin, 148 AD3d 1073, 1076-1077).
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court