■ ANDREW STRENK, Respondent, v RAUSCH EQUIPMENT CORPORATION, and as a Subsidiary of SYRACUSE SUPPLY Co., Appellant.—Order unanimously reversed, without costs, motion granted, and complaint dismissed. Memorandum: Plaintiff, an employee of Continental Can Corporation, commenced this personal injury action on February 19, 1976 seeking damages for injuries sustained on October 30, 1970 when a highlift machine tipped over on him. The complaint set forth causes of action grounded in negligence and breach of express and implied warranty. Defendant, the alleged dealer of the machine and representative of its manufacturer, answered by asserting the affirmative defense of Statute of Limitations. Defendant subsequently moved for summary judgment on this ground and Special Term denied the motion, holding that although the cause of action grounded in negligence was time-barred, the remaining cause of action based upon breach of express and implied warranty was timely. We disagree. Inasmuch as over five years had passed from the time of plaintiff's accident until defendant was served, any cause of action grounded in negligence, breach of warranty under the Uniform Commercial Code or breach of warranty as a tortious wrong to a remote user would be time-barred (CPLR 214, subd 5; Uniform Commercial Code, § 2-725 subd [1]; *Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395; *Dickey v Lockport Prestress,* 52 AD2d 1075). Therefore, the only cause of action remaining to plaintiff is one based on a contractual theory of breach of warranty wherein the six-year Statute of Limitations would apply (CPLR 213, subd 2). To defeat a motion for summary judgment, the opponent must present proof in evidentiary form substantiating its claim *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338) and not merely set forth averments of factual or legal conclusions *(Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.,* 32 NY2d 285, 290). Here,

plaintiff asserts, upon information and belief, that defendant made certain express and implied warranties with respect to the high-lift machine. However, he fails to set forth any evidentiary proof tending to show the existence of a contractual relationship between him and defendant. Furthermore, with respect to the alleged warranties, he fails to assert what the substance of such warranties was, as well as precisely when and to whom they were made. Since plaintiff failed to present sufficient facts to substantiate his only viable cause of action, defendant's motion for summary judgment should have been granted. (Appeal from order of Erie Supreme Court —summary judgment.) Present—Moule, J. P., Simons, Dillon and Witmer, JJ.