OPINION OF THE COURT
Harold L. Wood, J.
This is an action for malicious prosecution. The plaintiffs were correction officers who were charged with assaulting an inmate by the name of Roche. Mr. Roche had properly filed an information which was sufficient on its face pursuant to CPL *734 100.40 (1) and 100.15. As a result of that information, the Hon. Robert R. Troup issued a local criminal court summons to bring the plaintiffs before the local criminal court. Those charges eventually resulted in a trial, and the plaintiffs were acquitted.
The tort of malicious prosecution is meant to protect the individual from unjustifiable litigation. It has as its essence the perversion of proper legal process. (Broughton v State of New York, 37 NY2d 451, citing Prosser, Torts § 119 [4th ed].)
A requirement of a malicious prosecution action is that a prior judicial proceeding has been held. This prior judicial proceeding can be as formal as an indictment by a Grand Jury, or just the evaluation by a Magistrate of an affidavit supporting an application for a warrant of arrest. (Broughton v State of New York, supra.)
The tort of malicious prosecution requires an absence of probable cause for the criminal proceeding. This is because a contrary rule would discourage the prosecution of crimes. The review of the application for a warrant of arrest will give rise to a presumption that the arrest pursuant to said warrant was based upon probable cause. (Broughton v State of New York, supra.)
It is well known that, in order to satisfy the requirements for a malicious prosecution action, the plaintiffs must satisfy the following four elements: (1) That there was a commencement or a continuation of a criminal proceeding against them; (2) That the criminal proceeding terminated in their favor; (3) That there was an absence of probable cause for the criminal proceeding; and (4) That there was actual malice. (Broughton v State of New York, supra.)
In this case, it is clear that the first two elements have been met: there was a commencement and a continuation of criminal proceedings; and there was a termination of those criminal proceedings in favor of the plaintiffs. The critical elements to be determined are whether or not there was an absence of probable cause for the criminal proceeding and whether or not there was actual malice.
It should be noted that plaintiffs in a malicious prosecution action must establish an absence of probable cause as part of their prima facie case. (Martin v City of Albany, 42 NY2d 13; Mulder v U. S. Slicing Mach. Co., 228 NY 88.)
The existence of probable cause being a bar to the mainte *735 nance of a malicious prosecution action. (Burt v Smith, 181 NY 1.)
In determining whether or not there was probable cause for this criminal proceeding, the court must look to the manner in which the criminal proceeding was instituted. That is, the information signed by the complainant, Mr. Roche, and the local criminal court summons issued by Judge Troup.
The interesting question posed to this court is whether the issuance by the local criminal court of a summons in this case is the equivalent of the issuance of an arrest warrant for the purpose of determining whether there was an absence of probable cause for the criminal proceeding.
The accusatory instrument involved in this case was an information. (CPL 100.05 [1].) CPL 100.40 (1) sets forth the requirements for a determination that the information was sufficient on its face. It must be in compliance with the technical requirements of CPL 100.15; the allegations, taken together with any supporting deposition, must provide reasonable cause to believe that the defendant committed the offense; and nonhearsay allegations and/or other supporting depositions must establish every element of the offense and the defendant’s commission of the offense. A review of the information at hand indicates that it clearly satisfied these requirements of CPL 100.40 (1). Justice Troup of the local criminal court also came to the same conclusion.
Pursuant to CPL 120.20 (1), a local criminal court may issue a warrant for a defendant’s arrest if a criminal action has been commenced by the filing of an accusatory instrument and if the accusatory instrument is sufficient on its face. In the case at bar, an accusatory instrument was filed and it was sufficient on its face. Therefore, the local criminal court could have issued a warrant for the arrest of the plaintiffs (then criminal defendants). However, the local criminal court had another alternative before it, which it chose. Pursuant to CPL 130.30, a local criminal court may issue a summons in any case in which, pursuant to CPL 120.20, it is authorized to issue a warrant of arrest based upon an information. That is precisely what was done in this case. The standards for it issuing the local criminal court summons were the very same standards which would have permitted it to issue a warrant for the arrest of the plaintiffs.
Pursuant to CPL 130.10 (1), the sole function of such a criminal court summons is to achieve the criminal defendant’s *736 court appearance for the purposes of arraignment. In fact, the Practice Commentaries to CPL 130.10 (McKinney’s Cons Laws of NY, Book 11A) clearly indicate that a criminal court summons is comparable to a warrant of arrest and its function is the same — that is, to compel the court appearance of a person against whom a formal charge has been filed.
Since the information which was filed was sufficient on its face, it is clear that probable cause existed for the commencement of the criminal proceedings. It, therefore, would appear that the plaintiffs cannot establish, as a matter of law, one of the necessary elements to a malicious prosecution action, that is, the absence of probable cause. The court notes that there are exceptions, even where probable cause may have existed for the initial commencement of the criminal proceedings or for the initial arrest of the plaintiffs. Such exceptions exist where the court orders are the result of fraud, perjury, or the suppression of evidence. (Gisondi v Town of Harrison, 72 NY2d 280.) Similarly, an exception will prevail where the police witnesses have not made complete or full statements of facts to the Grand Jury or the District Attorney or where they have misrepresented or falsified evidence, or otherwise acted in bad faith. (Colon v City of New York, 60 NY2d 78; please also see, Maxwell v City of New York, 156 AD2d 28; Callan v State of New York, 134 AD2d 882 [relating to the continuation of a criminal proceeding after it was learned that the criminal proceeding was groundless].)
With regard to the requirement for a showing of actual malice, this court is cognizant of the fact that actual malice can seldom be established by direct evidence of an ulterior motive. (Maxwell v City of New York, supra; Martin v City of Albany, 42 NY2d 13, supra.) As well as the fact that a jury may infer actual malice from the absence of probable cause. (Maxwell v City of New York, supra; Martin v City of Albany, supra.) However, upon this motion for summary judgment, this court has found as a matter of law that probable cause did exist for the criminal proceeding. Therefore, a jury would not be in a position to infer actual malice from a lack of probable cause, and, upon these motion papers, the court does find that the plaintiffs have not shown a factual basis upon which actual malice could be established nor even sufficient questions of fact which would preclude summary judgment upon that issue.
A court is warranted in granting summary judgment in favor of the movant where the court has found upon the *737 papers and proof submitted that the cause of action or defense has been sufficiently established as a matter of law. In order for the opponent to then defeat summary judgment, it is necessary for the opponent to present sufficient facts of an evidentiary nature to raise a triable issue of fact. Conclusory statements as to facts or law are insufficient. (Lincoln First Bank v Siegel, 60 AD2d 270, citing Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, and Strenk v Rausch Equip. Corp., 58 AD2d 986.)
Upon the papers and proof submitted to this court, this court has determined as a matter of law that the movant has submitted sufficient evidentiary facts to entitle it to summary judgment as a matter of law. The court further finds that the plaintiffs have not raised sufficient facts of an evidentiary nature, or of law, to raise triable issues or to defeat this motion for summary judgment.
For all of the above reasons, this court finds that the motion of the defendant County of Westchester should and hereby is granted and summary judgment is granted in favor of the defendant County of Westchester as against the plaintiffs. That part of the motion by the defendant County of Westchester seeking sanctions is denied.