■ JAMES COVERT, Appellant, et al., Plaintiff, v COUNTY OF WESTCHESTER, Respondent. [608 NYS2d 516] —In an action to recover damages, inter alia, for malicious prosecution, the plaintiff James Covert appeals from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered March 19, 1992, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as it is asserted by him.

Ordered that the order is affirmed insofar as appealed from, with costs.

On July 19, 1983, an inmate at Westchester County Peni-

tentiary filed a criminal information against three correction officers, including the plaintiff James Covert, alleging that he was "repetitively struck * * * about his body causing substantial pain and bruises to his back, arms, and body, which required treatment at the Westchester County Medical Center". As a result, a local criminal court summons was issued which directed the three correction officers to appear on August 3, 1983, to answer the charge of assault in the third degree. They were arraigned on that date and subsequently acquitted after a jury trial.

The plaintiffs commenced this action to recover damages for malicious prosecution. After the completion of discovery, the defendant moved, *inter alia,* for summary judgment dismissing the complaint. The Supreme Court, *inter alia,* dismissed the complaint insofar as it is asserted by Covert, and Covert appeals.

The elements of an action to recover damages for malicious prosecution are (1) the initiation of an action, (2) its termination favorably to the plaintiff, (3) lack of probable cause, and (4) malice *(see, Colon v City of New York,* 60 NY2d 78). The issue to be addressed here is whether probable cause existed. As a general rule, in a malicious prosecution action, "the plaintiff must allege and prove that the prosecution was without reasonable and probable cause" (Richardson, Evidence § 100 *et seq.* [Prince 10th ed], citing *Anderson v How,* 116 NY 336; *see also, Burt v Smith,* 181 NY 1). The record contains ample evidence upon which to find, as a matter of law, that there was probable cause to believe Covert had committed the assault. The existence of conflicting evidence relating to the alleged assault did not negate a finding of probable cause, although it was relevant on the issue of guilt at the underlying trial *(see, Gisondi v Town of Harrison,* 72 NY2d 280, 285). "If probable cause exists, it is an absolute protection against an action for malicious prosecution, even when express malice is proved" *(Burt v Smith,* 181 NY 1, 6, *supra; see also, Broughton v State of New York,* 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929). Consequently, the court properly granted summary judgment to the defendant *(see,* CPLR 3212 [b]; *Zuckerman v City of New York,* 49 NY2d 557, 562). Mangano, P. J., Pizzuto, Altman and Krausman, JJ., concur. *[See,* 153 Misc 2d 733.]