■ PIERRE R. REGIS, Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent. [703 NYS2d 735] —In an action, *inter alia*, to recover damages for false arrest and battery, the defendant appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), entered October 22, 1998, which, upon a jury verdict, awarding the plaintiff, Pierre Richard Regis, the sum of $3,142,000 ($2,000 for false arrest, $1,000,000 for past pain and suffering, $100,000 for past lost earnings, $15,000 for past medical expenses, $1,500,000 for future pain and suffering, $375,000 for future lost earnings, and $150,000 for future medical expenses), is in favor of the plaintiff and against it, and the plaintiff cross-appeals, as limited by his brief, from so much of the same judgment as, upon the granting of the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the plaintiff's causes of action to recover damages for malicious prosecution and pursuant to 42 USC § 1983, failed to award him damages on those causes of action.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provisions awarding the plaintiff $1,000,000 for past pain and suffering, $1,500,000 for future pain and suffering, $100,000 for past lost earnings, $375,000 for future lost earnings, and $150,000 for future medical expenses, and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the defendant, unless within 30 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for (1) past pain and suffering from the sum of $1,000,000 to the sum of $700,000, (2) future pain and suffering from the sum of $1,500,000 to the sum of $500,000, (3) past lost earnings from the sum of $100,000 to the sum of $92,560, (4) future lost earnings from the sum of $375,000 to the sum of $125,000, and (5) future medical expenses from the sum of $150,000 to the sum of $50,000, and to the entry of an amended judgment in his favor; in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

On August 19, 1991, the plaintiff drove into an intersection in the Crown Heights area of Brooklyn, where a riot was taking place. The police stopped his car, and arrested him. In the course of effectuating the arrest, the police repeatedly hit the

plaintiff with their nightsticks, causing various injuries, including injury to his brain. The plaintiff was charged with reckless endangerment in the first degree and attempted murder of a police officer. Thereafter, all charges against the plaintiff were dismissed.

The trial court properly dismissed the plaintiff's cause of action to recover damages for malicious prosecution based on (1) the attempted murder charge as no criminal proceeding was initiated on that charge, and (2) the reckless endangerment charge as there was insufficient evidence to establish actual malice (*see, Covert v County of Westchester,* 202 AD2d 384, 385).

The plaintiff's cause of action under 42 USC § 1983 was also properly dismissed by the trial court as there was insufficient evidence to establish that the police officers, who effectuated the arrest by hitting the defendant with their nightsticks, were acting pursuant to any official custom or policy (*see, Pembaur v City of Cincinnati,* 475 US 469; *Bryant v City of New York,* 188 AD2d 445).

Contrary to the defendant's contention, the evidence was sufficient to establish that the incident in question was a proximate cause of the plaintiff's injuries (*see, Kiker v Nassau County,* 175 AD2d 99, 101). However, the damages awarded for past pain and suffering, future pain and suffering, past lost earnings, future lost earnings, and future medical expenses deviate materially from what would be reasonable compensation under the circumstances to the extent indicated (*see,* CPLR 5501 [c]). The trial court did not improvidently exercise its discretion in awarding the plaintiff 9% interest on the judgment (*see, Rodriguez v New York City Hous. Auth.,* 91 NY2d 76).

The parties' remaining contentions are without merit. Santucci, J. P., Joy, S. Miller and H. Miller, JJ., concur.