■ DARLENE HOYT, Respondent, v CITY OF NEW YORK et al., Appellants. [727 NYS2d 317] —In an action to recover damages for malicious prosecution and Federal civil rights violations, the defendants City of New York, New York City Police Department, Stephen Chmil, and Joseph Cummings appeal, and the defendants New York City Housing Authority and Miguel Hernandez separately appeal (1) from an order of the Supreme Court, Kings County (Hutcherson, J.), dated July 17, 2000, and (2), as limited by their respective briefs, from so much of an amended order of the same court, dated July 19, 2000, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the appeals from the order dated July 17, 2000, are dismissed, as that order was superseded by the amended order dated July 19, 2000; and it is further,

Ordered that the amended order is reversed insofar as ap-

pealed from, on the law, the motions are granted, and the complaint is dismissed in its entirety; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

To prevail on a claim alleging malicious prosecution, a plaintiff must establish four elements: (1) the commencement or continuation of a criminal action by the defendant against him or her, (2) the termination of the proceeding in his or her favor, (3) the absence of probable cause for the criminal action, and (4) actual malice (*see, Broughton v State of New York,* 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929; *Colon v City of New York,* 60 NY2d 78, 82; *Jean-Mary v City of New York,* 234 AD2d 515). Failure to establish any of those elements defeats the entire claim (*see, Covert v County of Westchester,* 202 AD2d 384). The defendants met their respective burdens of establishing their prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against them. In opposition, the plaintiff failed to present sufficient evidence to rebut the presumption of probable cause created by the Grand Jury indictment. Accordingly, her malicious prosecution claim should have been dismissed (*see, Jean-Mary v City of New York, supra; Berman v Silver, Forrester & Schisano,* 156 AD2d 624; *Burt v Smith,* 181 NY 1). For the same reason, the plaintiff's claims alleging Federal civil rights violations should have also been dismissed (*see, Day v Morgenthau,* 909 F2d 75; *Kandekore v Town of Greenburgh,* 243 AD2d 610). Santucci, J. P., Krausman, McGinity and Feuerstein, JJ., concur.