■ BARBARA KOCHIS, Respondent, v REVCO PHARMACY, Also Known as REVCO HYDE PARK, et al., Appellants. [779 NYS2d 923]—

In an action, in effect, to recover damages for malicious prosecution, the defendants appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated August 7, 2003, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The Supreme Court improperly denied the defendants' motion for summary judgment dismissing the complaint. To maintain an action to recover damages for malicious prosecution, a plaintiff must establish: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding, and (4) actual malice (*see Martinez v City of Schenectady*, 97 NY2d 78, 84 [2001]; *see also Colon v City of New York*, 60 NY2d 78, 82 [1983]; *cf. Broughton v State of New York*, 37 NY2d 451, 457 [1975], *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929 [1975]). The plaintiff's complaint failed to allege all the requisite elements to maintain an action to recover damages for malicious prosecution (*see Wright v City of Newburgh*, 259 AD2d 485, 486 [1999]; *see generally DiMauro v Metropolitan Suburban Bus Auth.*, 105 AD2d 236, 239 [1984]).

Even if the plaintiff properly pleaded the necessary elements to maintain a cause of action to recover damages for malicious prosecution, the defendants established their prima facie entitlement to summary judgment dismissing the complaint. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants "played an active role in the prosecution, such as giving advice and encouragement or importuning

the authorities to act" (*Viza v Town of Greece,* 94 AD2d 965, 966 [1983]; *see Du Chateau v Metro-N. Commuter R.R., Co.,* 253 AD2d 128, 131 [1999]). Thus, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Smith, J.P., Krausman, Crane and Spolzino, JJ., concur.