■ ERIC LUNDGREN, Appellant-Respondent, v LESLIE MARGINI et al., Appellants, and TOWN OF CORNWALL et al., Respondents. [817 NYS2d 349]—

In an action, inter alia, to recover damages for abuse of process, false imprisonment, and malicious prosecution, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated January 27, 2005, as granted the motion of the defendants Town of Cornwall and Town of Cornwall Police Department for summary judgment dismissing the complaint insofar as asserted against them, and the defendants Leslie Margini and Steven Margini separately appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the abuse of process causes of action.

Ordered that the order is modified, on the law, by deleting the

provision thereof granting the motion of the defendants Town of Cornwall and Town of Cornwall Police Department for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable to the plaintiff by the defendants, and the complaint is reinstated insofar as asserted against the defendants Town of Cornwall and Town of Cornwall Police Department.

The Supreme Court erred in granting the motion of the defendants Town of Cornwall and Town of Cornwall Police Department for summary judgment dismissing the complaint insofar as asserted against them, alleging causes of action to recover damages for malicious prosecution and false imprisonment, based upon the finding that there was probable cause to arrest the plaintiff. "[T]he issue of probable cause is a question of law to be decided by the court only where there is no real dispute as to the facts or the proper inferences to be drawn from such facts" (*Parkin v Cornell Univ.*, 78 NY2d 523, 529 [1991]). In this case, there is a triable issue of fact as to whether there was probable cause for the plaintiff's arrest. Moreover, as relevant to the malicious prosecution cause of action, a finding that there was no probable cause for the plaintiff's arrest could support an inference of actual malice (*see Martin v City of Albany*, 42 NY2d 13 [1977]).

The Supreme Court properly denied the cross motion of the defendants Leslie Margini and Steven Margini for summary judgment dismissing the abuse of process causes of action, based upon triable issues of fact concerning whether they intended to do harm to the plaintiff without excuse or justification and whether they sought a collateral advantage or corresponding detriment to the plaintiff outside the legitimate ends of the process (*see Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO*, 38 NY2d 397 [1975]). Krausman, J.P., Luciano, Fisher and Dillon, JJ., concur.