■ LEROY BAKER, Respondent, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [845 NYS2d 799]—

In an action, inter alia, to recover damages for malicious prosecution and abuse of process arising from the arrest of the plaintiff on two separate charges, the defendant Dan Berman appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Queens County (Elliot, J.), dated January 27, 2006, as denied that branch of his motion which was for summary judgment dismissing the cause of action alleging malicious prosecution insofar as asserted against him, and (2) so much of an order of the same court dated June 15, 2006, as, upon reargument, adhered to the original determination, and the defendant City of New York separately appeals, as limited by its brief, from so much of the order dated January 27, 2006, as denied that branch of its motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging malicious prosecution insofar as asserted against it.

Ordered that the appeal by the defendant Dan Berman from so much of the order dated January 27, 2006, as denied that branch of his motion which was for summary judgment dismissing the cause of action alleging malicious prosecution insofar as asserted against him is dismissed, as that portion of the order was superseded by the order dated June 15, 2006, made upon reargument; and it is further,

Ordered that the order dated January 27, 2006 is reversed insofar as appealed from by the defendant City of New York, on the law, and that branch of the motion of the defendant City of New York which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging malicious prosecution insofar as asserted against it is granted; and it is further,

Ordered that the order dated June 15, 2006 is reversed insofar as appealed from, on the law, upon reargument, so much of the order dated January 27, 2006, as denied that branch of the motion of the defendant Dan Berman which was for summary judgment dismissing the cause of action alleging malicious prosecution insofar as asserted against him is vacated, and that branch of the motion is granted; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The plaintiff was employed by the defendant North Shore Towers Apartments Incorporated (hereinafter North Shore). The defendant Dan Berman lived in an apartment at North Shore. In April 2001 the plaintiff performed maintenance work in Berman's apartment on two separate occasions, eight days apart. A few hours after the plaintiff left the Berman apartment on the second occasion, Berman noticed that two watches and a pair of sun glasses were missing from a dresser drawer in his bedroom. Berman reported the loss of the watches and sun

glasses to the security director of North Shore, who in turn contacted the police. The police investigated the report and Berman signed a complaint alleging that the plaintiff committed petit larceny. After the police investigation and their consultation with the Office of the District Attorney, Queens County, the plaintiff was arrested on May 15, 2001, charged with petit larceny, and given an appearance ticket.

Some six days after his arrest on the petit larceny charge, the plaintiff left a message on Berman's telephone answering machine. The message was to the effect that Berman had the plaintiff arrested and that the plaintiff was going to sue Berman and cause Berman "double" the pain the plaintiff had experienced as a result of his arrest. Berman again contacted the police, a detective listened to the tape, Berman signed a complaint, and the plaintiff was arrested on May 30, 2001 and charged with aggravated harassment.

On April 12, 2002 the two charges against the plaintiff were dismissed on speedy trial grounds pursuant to CPL 30.30. The plaintiff commenced this action, alleging, inter alia, malicious prosecution and abuse of process. Berman and North Shore moved for summary judgment and the City moved for dismissal of the complaint pursuant to CPLR 3211 (a) (7). The Supreme Court awarded summary judgment to North Shore dismissing all causes of action insofar as asserted against it. The court awarded summary judgment to Berman dismissing the abuse of process cause of action and dismissed that cause of action insofar as asserted against the City. The Supreme Court found that there was a triable issue of fact with respect to whether there was probable cause for the plaintiff's arrest as to both charges, and therefore denied that branch of Berman's motion which was for summary judgment dismissing the cause of action to recover damages for malicious prosecution and denied that branch of the City's motion which was to dismiss that cause of action. The City and Berman separately appeal.

"In order to recover for malicious prosecution, a plaintiff must establish four elements: that a criminal proceeding was commenced; that it was terminated in favor of the accused; that it lacked probable cause; and that the proceeding was brought out of actual malice" (*Cantalino v Danner,* 96 NY2d 391, 394 [2001]). A failure to establish any one of those elements results in the defeat of the plaintiff's cause of action (*see Brown v Sears Roebuck & Co.,* 297 AD2d 205 [2002]).

Berman established his entitlement to summary judgment with regard to the element of actual malice. "Generally, a civilian defendant who merely furnishes information to law enforce-

ment authorities who are then free to exercise their own independent judgment as to whether an arrest will be made and criminal charges filed will not be held liable for malicious prosecution" (*Lupski v County of Nassau,* 32 AD3d 997, 998 [2006]). The plaintiff failed to raise a triable issue of fact as to whether Berman in any way played an active role in the prosecution of the charges by giving advice or encouragement to the police or in importuning them to make the arrests. He also failed to allege that, or in any way raise a triable issue of fact as to whether, Berman gave false information to the police, with knowledge that the information was false at the time the information was provided, or in any other way allege that Berman acted with actual malice. A civilian complainant who neither knowingly provides false information nor plays an active role in the prosecution cannot be held liable for malicious prosecution (*see Lupski v County of Nassau,* 32 AD3d 997 [2006]; *Kochis v Revco Pharmacy,* 9 AD3d 449 [2004]; *Wasilewicz v Village of Monroe Police Dept.,* 3 AD3d 561 [2004]). Thus, while the plaintiff's opposition to Berman's motion was sufficient to establish that the criminal proceedings were terminated in his favor (*see Smith-Hunter v Harvey,* 95 NY2d 191 [2000]), his opposition was insufficient to defeat Berman's motion for summary judgment with regard to the element of actual malice.

Berman also established his entitlement to summary judgment with regard to the element of probable cause. "Probable cause requires only information sufficient to support a reasonable belief that an offense has been committed by the plaintiff (*see People v Bigelow,* 66 NY2d 417 [1985])" (*Burns v City of New York,* 17 AD3d 305 [2005]). "Generally, information provided by an identified citizen accusing another individual of a specific crime is legally sufficient to provide the police with probable cause to arrest (*People v Bero,* 139 AD2d 581, 584 [1988])" (*Iorio v City of New York,* 19 AD3d 452, 453 [2005]). In this case, there is no real dispute as to the facts that were alleged in support of the criminal complaints. The plaintiff's opposition to Berman's motion focuses on the circumstances surrounding the initial maintenance visit by the plaintiff to the Berman apartment in April 2001, rather than the visit eight days later, after which Berman learned that the property was missing and the allegations of theft were made. The plaintiff's assertions as to the existence of an earlier opportunity for the property to have been stolen by another or to have been lost in transit from Florida, would have had some relevance if the theft charge had been tried; those assertions do not in any way detract from the facts that were alleged and which provided the bases for the arrests of the plaintiff. As there is no real dispute

as to those facts, there was probable cause for the arrest of the plaintiff, as a matter of law, on both occasions (*cf. Lundgren v Margini,* 30 AD3d 476 [2006]).

With regard to the motion by the City pursuant to CPLR 3211 (a) (7), "the facts as alleged in the complaint must be accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory" (*Lupski v County of Nassau,* 32 AD3d 997 [2006]). The plaintiff's complaint merely asserts that the charge of petit larceny was false and makes only conclusory assertions as to the alleged motives of the defendants. The plaintiff does not allege any facts sufficient to rise to the level of actual malice, "i.e. some deliberate act punctuated with awareness of 'conscious falsity'" (*Santoro v Town of Smithtown,* 40 AD3d 736, 738 [2007] [citations omitted]). Moreover, there are no assertions that the police officers acted with an awareness of conscious falsity. Accordingly, the City was entitled to dismissal of the complaint pursuant to CPLR 3211 (a) (7), as the complaint fails to allege facts sufficient to rise to the level of actual malice. Crane, J.P., Florio, Covello and Angiolillo, JJ., concur.