■ James Rush, Appellant, v County of Nassau et al., Respondents. [858 NYS2d 685]—In an action, inter alia, to recover

damages for malicious prosecution, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Woodard, J.), dated February 28, 2007, as granted the motion of the defendants County of Nassau, Nassau County Police Department, Nassau County District Attorney, Denis Dillon, and Nassau County Correctional Facility and the separate motion of the defendants City of Glen Cove and Glen Cove Police Department for summary judgment dismissing the cause of action alleging malicious prosecution.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The defendants established their prima facie entitlement to summary judgment dismissing the cause of action alleging malicious prosecution (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325 [1986]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York,* 49 NY2d 557, 563 [1980]). The tort of malicious prosecution has four elements: (1) commencement of a criminal proceeding, which (2) terminated in favor of the accused, and which (3) lacked probable cause, and (4) was brought out of actual malice (*see Martinez v City of Schenectady,* 97 NY2d 78, 84 [2001]; *Cantalino v Danner,* 96 NY2d 391, 394 [2001]; *Roman v Comp USA, Inc.,* 38 AD3d 751, 751-752 [2007]). "A failure to establish any one of those elements results in the defeat of the plaintiff's cause of action" (*Baker v City of New York,* 44 AD3d 977, 979 [2007]). Here, the essential elements of favorable termination of the underlying criminal proceeding, lack of probable cause, and actual malice are lacking. Accordingly, the Supreme Court properly granted summary judgment in favor of the defendants, dismissing the cause of action alleging malicious prosecution. Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.