■ MICHAEL GRUCCI, Appellant, v CHRISTINE GRUCCI, Respondent. [918 NYS2d 116]—

In an action to recover damages for malicious prosecution, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Sweeney, J.), entered February 3, 2009, which, upon a jury verdict, is in favor of the defendant and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff brought this action to recover damages for mali-

cious prosecution. At the conclusion of the trial, the jury rendered a verdict in favor of the defendant and against the plaintiff. The jury found that the defendant did not initiate the underlying criminal proceeding against the plaintiff and, based on this finding, did not reach any other issues pertaining to liability or damages. The Supreme Court entered judgment in favor of the defendant and against the plaintiff dismissing the complaint. We affirm.

In order to recover damages for malicious prosecution, a plaintiff must establish that a criminal proceeding was commenced by the defendant against the plaintiff, that it was terminated in favor of the accused, that it lacked probable cause, and that it was brought out of actual malice (*see Cantalino v Danner*, 96 NY2d 391, 394 [2001]; *Rush v County of Nassau*, 51 AD3d 762, 763 [2008]; *Kochis v Revco Pharmacy*, 9 AD3d 449 [2004]; *Hoyt v City of New York*, 284 AD2d 501, 502 [2001]). A failure to establish any one of these elements results in the defeat of the plaintiff's cause of action (*see Rush v County of Nassau*, 51 AD3d at 763; *Baker v City of New York*, 44 AD3d 977, 979 [2007]; *Hoyt v City of New York*, 284 AD2d at 502).

The plaintiff contends that the trial court erred in refusing to allow a certain witness to authenticate an audiotape which purportedly contained a recording of a conversation between that witness and the defendant, and further erred by making evidentiary rulings which prevented that witness from testifying about certain statements the defendant allegedly made to him which were probative as to the defendant's state of mind. However, because the jury found that the defendant did not initiate the underlying criminal proceeding against the plaintiff, and the excluded evidence was not relevant to that issue, but only to the issue of the defendant's malice, the plaintiff was not prejudiced by any error the trial court may have committed in making the aforementioned rulings (*see Restey v Higgins*, 252 AD2d 954, 955 [1998]; *Barone v City of Mount Vernon*, 170 AD2d 557, 559 [1991]).

The plaintiff's remaining contentions are without merit. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.

Motion by the respondent to strike stated portions of the appellant's appendix and reply brief on an appeal from a judgment of the Supreme Court, Suffolk County, entered February 3, 2009, on the grounds that the appendix contains matter dehors the record and the reply brief improperly raises issues for the first time in that brief. By decision and order of this Court dated

November 17, 2010, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted, the portions of the appendix and reply brief referred to in the respondent's motion papers are stricken, and that material has not been considered in the determination of the appeal. Skelos, J.P., Covello, Balkin and Austin, JJ., concur.