■ SYED S. RAHMAN, Respondent, v ROBERT N. INCAGLIATO et al., Appellants. [923 NYS2d 154]—

In an action to recover damages for malicious prosecution, the defendants appeal from (1) so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated August 7, 2009, as denied that branch of their motion which was to dismiss the complaint insofar as asserted against the defendant Robert N. Incagliato pursuant to CPLR 3211 (a) (7), and (2), so much of an order of the same court dated September 28, 2009, as granted the plaintiff's motion for leave to reargue his opposition to that branch of their motion which was to dismiss the complaint insofar as asserted against the defendant Robert F. Quinlan pursuant to CPLR 3211 (a) (7), which had been determined in the order dated August 7, 2009, vacated the determination in the order dated August 7, 2009, granting that

branch of their motion which was to dismiss the complaint insofar as asserted against the defendant Robert F. Quinlan, and thereupon denied that branch of their motion.

Ordered that the order dated August 7, 2009, is reversed insofar as appealed from, on the law, and that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendant Robert N. Incagliato pursuant to CPLR 3211 (a) (7) is granted; and it is further,

Ordered that the order dated September 28, 2009, is modified, on the law, by deleting the provision thereof, upon reargument, denying that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendant Robert F. Quinlan pursuant to CPLR 3211 (a) (7) and substituting therefor a provision, upon reargument, adhering to the determination in the order dated August 7, 2009, granting that branch of the motion; as so modified, the order dated September 28, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

Contrary to the defendants' contention, the Supreme Court properly granted reargument. However, upon reargument, the Supreme Court erred in failing to adhere to its prior determination granting that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendant Robert F. Quinlan pursuant to CPLR 3211 (a) (7).

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the motion court must accept as true the facts alleged in the complaint and afford the plaintiff the benefit of every possible favorable inference in determining whether the complaint states any legally cognizable cause of action (*see Curry v Dollard*, 52 AD3d 642, 643 [2008]; *Schenkman v New York Coll. of Health Professionals*, 29 AD3d 671, 672 [2006]). One of the elements of a cause of action to recover damages for malicious prosecution is that the underlying criminal proceeding was "terminated in favor of the accused" (*Martinez v City of Schenectady*, 97 NY2d 78, 84 [2001]). "A criminal proceeding terminates favorably to the accused, for purposes of a malicious prosecution claim, when the final disposition of the proceeding involves the merits and indicates the accused's innocence" (*MacFawn v Kresler*, 88 NY2d 859, 860 [1996]; *see Hollender v Trump Vil. Coop.*, 58 NY2d 420 [1983]). Applying these standards here, the plaintiff failed adequately to plead that the underlying criminal proceeding terminated in his favor for purposes of a malicious prosecution claim (*see MacFawn v Kresler*, 88 NY2d at 860; *see generally Kochis v Revco Pharmacy*,

9 AD3d 449, 449 [2004]; *Levy v Coates*, 286 AD2d 424, 424 [2001]).

In light of our determination, the defendants' remaining contentions have been rendered academic. Prudenti, P.J., Angiolillo, Dickerson and Roman, JJ., concur. **[Prior Case History: 2009 NY Slip Op 31790(U).]**