Melchner v Town of Carmel (2021 NY Slip Op 03830)





Melchner v Town of Carmel


2021 NY Slip Op 03830


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-02673
 (Index No. 500395/17)

[*1]Charles Melchner, et al., appellants,
v
Town of Carmel, et al., respondents, et al., defendants.


Law Office of Daniel W. Isaacs, PLLC, New York, NY, for appellants.
Miranda Sambursky Slone Sklarin Verveniotis LLP, Mineola, NY (Maurizio Savoiardo of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for malicious prosecution, the plaintiffs appeal from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated January 26, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants Town of Carmel, Frank Delcampo, Connie Munday, Kenneth Schmitt, Norman Marino, Carmine DiBattista, Frank Lombardi, Richard O'Keefe, Susan McDonough, Robert Ravallo, Doris Stahl, and Michael Carnazza which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendants Town of Carmel, Frank Delcampo, Connie Munday, Kenneth Schmitt, Norman Marino, Carmine DiBattista, Frank Lombardi, Richard O'Keefe, Susan McDonough, Robert Ravallo, Doris Stahl, and Michael Carnazza which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against them is denied.
The plaintiffs, Charles Melchner and Lillian Melchner (hereinafter together the Melchners), own and operate the Mahopac Marina (hereinafter the Marina), which provides recreational access to Lake Mahopac in the Town of Carmel. It is undisputed that Lake Mahopac is among the "navigable waters of the state" as defined by Navigation Law § 2(4) and that the State of New York owns the submerged land under the navigable waters of Lake Mahopac. It is further undisputed that the Town of Carmel is not among the municipalities authorized to regulate activities on state-owned navigable waters pursuant to Navigation Law § 46-a(2).
Between 1991 and 2009, the Town commenced four civil actions and three criminal proceedings against the Melchners, alleging various violations of the Town of Carmel Zoning Ordinance (Code of the Town of Carmel ch 156; hereinafter the zoning ordinance) (see Town of Carmel v Melchner, 105 AD3d 82, 84-90). As is relevant to this appeal, in September 2008, the Town commenced a criminal proceeding against the Melchners, alleging various violations of the zoning ordinance based on the Melchners' expansion of existing dock structures and mooring facilities at the Marina (hereinafter the 2008 criminal proceeding). In June 2009, the Town also commenced a civil action seeking to enjoin the Melchners from operating the Marina based upon, [*2]among other things, the same alleged violations of the zoning ordinance. In August 2009, the Supreme Court granted the Town's application to preliminarily enjoin the use of the Marina's docks and directed the removal of the docks. The Melchners appealed, and by decision and order dated February 27, 2013, this Court determined, inter alia, that the Town had failed to state a cause of action for injunctive relief because it had no authority to regulate the construction or placement of docks in the state-owned waters of Lake Mahopac (see Town of Carmel v Melchner, 105 AD3d at 92-98). On the same day, the Town withdrew the 2008 criminal proceeding without notice to the Melchners.
In 2016, upon discovering that the 2008 criminal proceeding had been withdrawn, the Melchners moved to restore the 2008 criminal proceeding to the Supreme Court's active calendar "for the purpose of a disposition on the merits." The Supreme Court granted the motion to restore. By order dated October 3, 2016, the court dismissed the 2008 criminal proceeding pursuant to CPL 170.30(1)(f) for lack of jurisdiction.
In July 2017, the Melchners commenced the instant action against, among others, the Town and various individuals who were either employees of the Town or former or present members of the Town Board (hereinafter collectively the Town), alleging a cause of action to recover damages for malicious prosecution based upon the 2008 criminal proceeding. The complaint alleges that the Town was aware as early as 1966 that it was without authority to regulate the construction of moorings and docks on Lake Mahopac. The complaint further alleges that prior to the initiation of the 2008 criminal proceeding, the Town received copies of opinion letters from the State confirming the State's exclusive jurisdiction over Lake Mahopac.
The Town moved, among other things, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it, and the Melchners opposed the motion. By order dated January 26, 2018, the Supreme Court, inter alia, granted that branch of the Town's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it on the ground that the 2008 criminal proceeding was not terminated in favor of the Melchners. The Melchners appeal.
"On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Santoro v Poughkeepsie Crossings, LLC, 180 AD3d 12, 15). Where evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, "the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Nunez v Mohamed, 104 AD3d 921, 922).
In order to maintain a civil action to recover damages for malicious prosecution, a plaintiff must show "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding, and (4) actual malice" (De Lourdes Torres v Jones, 26 NY3d 742, 760; see Batten v City of New York, 133 AD3d 803, 805). A criminal proceeding terminates favorably to the accused where the disposition is final, "such that the proceeding cannot be brought again" (Smith-Hunter v Harvey, 95 NY2d 191, 195), and the disposition is not "inconsistent with a plaintiff's innocence" (id. at 199). Whether a disposition was inconsistent with innocence is a case-specific determination that considers the circumstances of the particular case (see Cantalino v Danner, 96 NY2d 391, 396).
Here, the 2008 criminal proceeding was dismissed for lack of jurisdiction pursuant to CPL 170.30(1)(f) because the Town lacked legal authority to regulate the activity upon which the criminal charges were based. In the dismissal order, the Supreme Court found that "jurisdiction over [*3]the [Melchners] ha[d] never been properly obtained and accordingly the [Melchners] [could] not be prosecuted for the offenses alleged." Under the circumstances, the disposition was not inconsistent with the Melchners' innocence (see Cantalino v Danner, 96 NY2d at 396). Accordingly, the Supreme Court should have denied that branch of the Town's motion which was pursuant to CPLR 3211(a)(7) for failure to allege a favorable termination of the 2008 criminal proceeding.
The Town's remaining contentions are without merit
RIVERA, J.P., BARROS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court