Dawoodi v City of New York (2025 NY Slip Op 05498)

Dawoodi v City of New York

2025 NY Slip Op 05498

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2022-03395
 (Index No. 503750/15)

[*1]Ali Dawoodi, appellant, 
v
City of New York, et al., respondents, et al., defendants.

Umoh Law Firm, PLLC, New York, NY (Uwem Umoh of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Lorenzo Di Silvio and Antonella Karlin of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for false arrest, malicious prosecution, and civil rights violations pursuant to 42 USC § 1983, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated March 15, 2022. The order, insofar as appealed from, granted those branches of the motion of the defendants City of New York, Thomas Varghese, and Kings County District Attorney Office which were pursuant to CPLR 4401 for judgment as a matter of law dismissing the causes of action alleging false arrest, malicious prosecution, and deprivation of the right to a fair trial insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant Thomas Varghese, a detective with the New York City Police Department, arrested the plaintiff for a burglary committed in April 2012, based upon the victim's identification of the plaintiff as the person seen in a surveillance video exiting the victim's apartment on the night of the burglary. At the time of his arrest, the plaintiff was found in possession of marijuana. The plaintiff was indicted for burglary in the second degree, burglary in the third degree, criminal trespass in the second degree, criminal trespass in the third degree, petit larceny, and unlawful possession of marijuana. In February 2013, the defendant pleaded guilty to unlawful possession of marijuana in full satisfaction of the indictment.
In December 2014, the plaintiff commenced this action against, among others, Detective Varghese and the defendants City of New York and Kings County District Attorney Office (hereinafter collectively the defendants), inter alia, to recover damages for false arrest, malicious prosecution, and civil rights violations pursuant to 42 USC § 1983. A jury trial was held in January 2022. After the plaintiff rested, the defendants moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against them. The Supreme Court reserved decision on the defendants' motion. After the jury indicated that it was deadlocked, the court declared a mistrial. The defendants subsequently renewed their CPLR 4401 motion. In an order dated March 15, 2022, the court, among other things, granted those branches of the defendants' motion which were pursuant to CPLR 4401 for judgment as a matter of law dismissing the causes of action alleging false arrest, malicious prosecution, and deprivation of the right to a fair trial insofar as asserted against them. The plaintiff appeals.
Contrary to the plaintiff's contention, under the circumstances of this case, the Supreme Court properly entertained the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law after the declaration of the mistrial (see Matter of James, 17 AD3d 366, 367; Gullian v Newcombe & Co., 27 AD2d 479, 480).
To be awarded judgment as a matter of law pursuant to CPLR 4401, a defendant must show that, upon viewing the evidence in the light most favorable to the plaintiff, there is no rational basis by which the jury could find for the plaintiff against the moving defendant (see Szczerbiak v Pilat, 90 NY2d 553, 556; Sargiss v Magarelli, 115 AD3d 842). The plaintiff's evidence must be accepted as true, and the plaintiff is entitled to every favorable inference that can be reasonably drawn therefrom (see Szczerbiak v Pilat, 90 NY2d at 556; Sargiss v Magarelli, 115 AD3d at 842).
The Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the cause of action alleging deprivation of the plaintiff's right to a fair trial insofar as asserted against them. "When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he [or she] violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 USC § 1983" (Ricciuti v New York City Tr. Auth., 124 F3d 123, 130 [2d Cir]). "To succeed on a fabricated-evidence claim, a plaintiff must establish that 'an (1) investigating official (2) fabricate[d] information (3) that is likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[ed] a deprivation of life, liberty, or property as a result'" (Ashley v City of New York, 992 F3d 128, 139 [2d Cir], quoting Garnett v Undercover Officer C0039, 838 F3d 265, 279 [2d Cir]; see Barnes v City of New York, 68 F4th 123, 128-129 [2d Cir]). Moreover, in order to sustain a fabricated-evidence claim, the plaintiff must show that his or her prosecution was favorably terminated (see McDonough v Smith, 588 US 109, 117; Barnes v City of New York, 68 F4th at 133). "The dismissal of charges as part of a plea bargain . . . does not constitute a favorable termination" (Black v Petitinato, 761 Fed Appx 18, 23 [2d Cir]). Here, the plaintiff pleaded guilty to unlawful possession of marijuana in full satisfaction of the six-count indictment. Under the circumstances of this case, the plaintiff cannot show that his prosecution was favorably terminated in order to maintain his claim (see McDonough v Smith, 588 US at 117; Barnes v City of New York, 68 F4th at 133; Black v Petitinato, 761 Fed Appx at 23).
As the Supreme Court properly found, the state common-law cause of action alleging false arrest is time-barred. This cause of action accrued upon the plaintiff's release from confinement at Rikers Island on September 14, 2012 (see Williams v City of New York, 153 AD3d 1301, 1305; Bellissimo v Mitchell, 122 AD3d 560, 560). The plaintiff did not commence this action until December 2014, well beyond the one-year-and-90-day statute of limitations (see Williams v City of New York, 153 AD3d at 1305; Bellissimo v Mitchell, 122 AD3d at 560).
"'The elements of the tort of malicious prosecution are: (1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice'" (De Lourdes Torres v Jones, 26 NY3d 742, 760, quoting Broughton v State of New York, 37 NY2d 451, 457). "A failure to establish any one of those elements results in the defeat of the plaintiff's cause of action" (Baker v City of New York, 44 AD3d 977, 979; see Rush v County of Nassau, 51 AD3d 762, 763). Here, the plaintiff pleaded guilty to unlawful possession of marijuana in full satisfaction of the indictment. Since dismissal of charges as part of "a compromise with the accused" does not constitute a favorable termination (Cantalino v Danner, 96 NY2d 391, 395), an essential element of the tort of malicious prosecution was absent when the plaintiff commenced this action (see Rush v County of Nassau, 51 AD3d at 763). Contrary to the plaintiff's contention, under the circumstances of this case, 2019 legislative amendments to CPL 160.50 could not have been encompassed in his December 2014 complaint (see Melchner v Town of Carmel, 195 AD3d 803, 806).
Furthermore, the defendants established that Detective Varghese had probable cause to arrest the plaintiff, precluding recovery on the plaintiff's false arrest cause of action brought [*2]pursuant to 42 USC § 1983, as well as his malicious prosecution causes of action (see Jones v City of New York, 206 AD3d 635, 639; Williams v City of New York, 153 AD3d at 1302). In addition, Detective Varghese's actions were privileged under the doctrine of qualified immunity, as they were objectively reasonable (see Boyd v City of New York, 149 AD3d 683, 686; Davila v City of New York, 139 AD3d 890, 893), and his conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known (see Davila v City of New York, 139 AD3d at 893). It was objectively reasonable for Detective Varghese to believe that his actions in initiating an arrest of the plaintiff based upon the victim's positive identification of the plaintiff as the perpetrator of the burglary did not violate the plaintiff's clearly established statutory or constitutional rights.
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court