# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**96**

**KA 11-02136**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

           V                              MEMORANDUM AND ORDER

JUAN A. LABOY, DEFENDANT-APPELLANT.

---

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA, THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JAMES B. RITTS OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered February 25, 2011. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, obstructing governmental administration in the second degree and resisting arrest.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law, and the indictment is dismissed and the matter is remitted to Ontario County Court for proceedings pursuant to CPL 470.45.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [former (3)]), obstructing governmental administration in the second degree (§ 195.05), and resisting arrest (§ 205.30). The conviction arises out of an altercation with a sheriff's deputy who responded to defendant's home in connection with a dispatch for possible family trouble. Earlier that day, other sheriff's deputies had responded to defendant's home and in his absence obtained an information signed by the complainant, alleging that defendant committed harassment in the second degree. When the deputy responded later that day, she had knowledge that there was a signed information charging the violation of harassment in the second degree, that defendant caused red marks on the complainant's hand or arms, that the information had not been entered in court, and that there was no warrant for defendant's arrest. The complainant was present but, because of a language barrier, she was able to communicate to the deputy only that defendant was inside the house and in a certain room behind a door. The deputy entered the room with her gun drawn and told defendant multiple times to get out of bed and that he was under

arrest. Thereafter, an altercation between defendant and the deputy ensued in which defendant head-butted the deputy, causing a welt on her head and bruising.

Defendant contends that the evidence is legally insufficient to support the conviction. Although defendant preserved that contention for our review only with respect to the charges of obstructing governmental administration and resisting arrest (*see People v Gray*, 86 NY2d 10, 19), we exercise our power to review defendant's contention with respect to the charge of assault in the second degree as well, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We conclude that the evidence is legally insufficient to establish that the deputy's arrest of defendant was lawful inasmuch as the deputy lacked reasonable cause to believe that defendant committed an offense in her presence (*see* CPL 140.10 [1] [a]). Because the arrest was not authorized at its inception, the evidence is legally insufficient to support the conviction of assault, obstructing governmental administration, and resisting arrest (*see People v Perez*, 47 AD3d 1192, 1192-1994), and reversal therefore is required. In view of our decision, we need not address defendant's remaining contentions.

Entered: February 14, 2014

Frances E. Cafarell
Clerk of the Court