15-1806-cv
Laboy v. County of Ontario, N.Y., et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of September, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             DEBRA ANN LIVINGSTON,
                  *Circuit Judges*.

_____

JUAN A. LABOY,

                  *Plaintiff-Appellant*,

            v.                                             15-1806-cv

COUNTY OF ONTARIO, NEW YORK, OFFICE OF SHERIFF, COUNTY OF ONTARIO, SHERIFF PHILIP C. PROVERO, individually and in his official capacity, DEPUTY REBECCA EDINGTON, individually and in her official capacity, DEPUTY NATHAN BOWERMAN, individually and in his official capacity, DEPUTY PATRICK J. FITZGERALD, individually and in his official capacity, and JASON M. HOUSEL,

                  *Defendants-Appellees*.

_____

Appearing for Appellant:     David M. Abbatoy, Rochester, NY

Appearing for Appellee:       Lea T. Nacca, Assistant County Attorney (Michael G. Reinhardt, Assistant County Attorney, *on the brief*), Ontario County Attorney's Office, Canandaigua, NY

Appeal from the United States District Court for the Western District of New York (Wolford, *J.*)

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings.

Appellant Juan A. Laboy appeals from the May 5, 2015 judgment of the United States District Court for the Western District of New York (Wolford, *J.*) granting Appellees' motion to dismiss and denying Laboy's motion for partial summary judgment. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On August 1, 2010, Laboy was arrested for and charged with harassment in the second degree, a violation under New York Penal Law § 240.26. During his arrest, Laboy got into a physical altercation with the arresting Deputy Sheriff. Accordingly, deputies in the Office of Sheriff for Ontario County subsequently accused Laboy of assault in the second degree under New York Penal Law § 120.05(3); obstructing governmental administration in the second degree under New York Penal Law § 195.05; and resisting arrest under New York Penal Law § 205.30. On September 1, 2010, an Ontario County Grand Jury indicted Laboy on all of these charges, on the ground that Laboy forcibly resisted his arrest for harassment in the second degree. Laboy was subsequently tried before a jury and convicted on all charges.

On February 14, 2014, the Appellate Division for the Fourth Department reversed Laboy's conviction and dismissed the indictment. Under New York State Law, harassment in the second degree is a violation. Under Section 140.10(1)(a)(5) of the New York Criminal Procedure Law, an individual may not be arrested by an officer unless that officer had reasonable cause to believe that the individual committed the violation *in her presence*. In this case, the Deputy Sheriff who arrested Laboy had not witnessed the conduct giving rise to the charge for harassment in the second degree, and, accordingly, the Appellate Division held that "[b]ecause the arrest was not authorized at its inception, the evidence is legally insufficient to support the conviction of assault, obstructing governmental administration, and resisting arrest, and reversal therefore [was] required." *People v. Laboy*, 980 N.Y.S.2d 215, 216 (4th Dep't 2014).

Laboy then commenced this action by filing a complaint for three claims for relief against defendants-appellees: (1) "42 USC § 1983 – Malicious Prosecution in Violation of the Fourth, Fifth, and Fourteenth Amendments;" (2) "42 USC § 1983 – Violation of Fourth Amendment Rights to Be Free From Excessive Force and Unlawful Arrest;" and (3) "Violation of 42 USC § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in Violation of the Fourth, Fifth, and Fourteenth Amendments." App'x at 49-56. In its thorough opinion, the district court granted defendants' motion to dismiss.

We review de novo a district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "construing the complaint liberally, accepting all factual allegations in the

complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chase Grp. All. LLC v. City of N.Y. Dep't of Fin.*, 620 F.3d 146, 150 (2d Cir. 2010) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The district court properly dismissed Laboy's malicious prosecution claim. To determine whether a Section 1983 plaintiff has sufficiently pleaded malicious prosecution, the court "borrow[s] the elements of the underlying malicious prosecution from state law." *Washington v. Cty. of Rockland*, 373 F.3d 310, 315 (2d Cir. 2004). "Under New York law, '[t]he elements of an action for malicious prosecution are (1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice.'" *Savino v. City of N.Y.*, 331 F.3d 63, 72 (2d Cir. 2003) (alteration in original) (quoting *Colon v. City of N.Y.*, 455 N.E.2d 1248, 1250 (N.Y. 1983)). The district court found that Laboy failed to allege facts sufficient to support an inference that he could satisfy the second, third, and fourth elements of a malicious prosecution claim. We agree.

The New York Court of Appeals has held that a prosecution terminates in favor of the accused when "the proceeding cannot be brought again," such that "there can be no further proceeding upon the complaint or indictment, and no further prosecution of the alleged offense," *Smith-Hunter v. Harvey*, 734 N.E.2d 750, 753 (N.Y. 2000), or when "a judicial determination of the accused's innocence on the merits of the action has been made," *Ward v. Silverberg*, 652 N.E.2d 914, 914 (N.Y. 1995). When an arrest is dismissed on the grounds of legal insufficiency, such as failure to comply with N.Y. Crim. Prop. Law § 140.10, rather than pure innocence, courts have found that there was not a termination in favor of the plaintiff. *See Carrillos v. Inc. Vill. of Hempstead*, 87 F. Supp. 3d 357, 380 (E.D.N.Y. 2015) ("It is well settled that a dismissal for facial insufficiency is inadequate to constitute a favorable termination for the purposes of plaintiffs malicious prosecution claim."); *MacFawn v. Kresler*, 666 N.E.2d 1359, 1359-60 (N.Y. 1996) (holding that plaintiff failed to state claim for malicious prosecution where the court did not reach the merits and the question of plaintiff's guilt or innocence, but instead dismissed case on procedural grounds); *Hollender v. Trump Vil. Coop. Inc.*, 448 N.E.2d 432, 435 (N.Y. 1983) ("[I]t is only when the final disposition is such as to indicate innocence that this burden [of favorable termination] is met.") (alterations and internal quotation marks omitted).

Laboy also failed to allege sufficient facts to support his allegation of a lack of probable cause. The existence of a grand jury indictment creates a presumption of probable cause, *Manganiello v. City of N.Y.*, 612 F.3d 149, 161-62 (2d Cir. 2010); *Savino*, 331 F.3d at 72, and Laboy concedes he was indicted. Thus, Laboy can only sustain his action for malicious prosecution if he can rebut this presumption by showing evidence that the indictment was "procured by 'fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith.'" *Savino*, 331 F.3d at 72 (quoting *Colon*, 455 N.E.2d at 1251). The technical error with Laboy's arrest does not constitute "fraud, perjury, suppression of evidence, or other bad faith conduct necessary" to rebut the presumption of probable cause created by the grand jury indictment.

Finally, Laboy did not allege facts sufficient to support a finding of malice. A showing of malice requires sufficient allegations "that the defendant . . . commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 573 (2d Cir. 1996); *see also Pinsky v. Duncan*, 79 F.3d 306, 313 (2d Cir. 1996) ("The element of malice implicates an evil or unlawful purpose."). Laboy acknowledges that the deputies were dispatched to his residence in response to a complaint of physical abuse by his girlfriend. And Laboy alleged no other facts that would support a finding that the criminal proceeding was commenced due to a "wrong or improper motive."

The district court also properly dismissed Laboy's false arrest claim because it is time-barred. The statute of limitations for a Section 1983 claim of false arrest is three years. *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997). Unless otherwise tolled, a Section 1983 claim for false arrest in New York will accrue on the date of the alleged false arrest. Laboy was indicted on the charges against him on September 1, 2010, and the case was in discovery by October 2010. Laboy's claim for false arrest accrued at the latest by September 2010, more than three years before he filed his federal complaint on February 25, 2014. Contrary to Laboy's argument, the statute of limitations was not tolled while Laboy was in prison. *See* N.Y. Civ. Rights Law § 79(2).

We vacate, however, the dismissal of Laboy's *Monell* claim. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). Although the initial complaint was insufficient to state a claim, the proposed amended complaint added allegations that may plausibly suggest that the County had a policy or custom, which County officials knew about and approved, of depriving arrestees of their constitutional rights. *See Payton v. New York*, 445 U.S. 573 (1980). Although the district court briefly considered the plausibility of a stand-alone *Payton* claim as pleaded in Laboy's initial complaint, *see* Special App'x at 25 n.3, the district court had no opportunity to consider a *Patyon*-based *Monell* claim. Accordingly, we remand to the district court to determine, in the first instance, whether such a claim is plausible, would have been timely made, and, if so, to permit Laboy to amend his complaint. *See* Fed. R. Civ. P. 15(a).

We have considered the remainder of Laboy's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings in accordance with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4